JOHN COMFORT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. EVIDENCE—*res gestæ.* Upon the trial of a party under an indictment for the larceny of a watch, it was proven that the prisoner, being in possession of the watch a short time after it was stolen, met a pawnbroker away from the place of business of the latter, and proposed to pledge the watch as security for a loan of money. Thereupon the parties went together to the pawnbroker's shop, when the prisoner received the money and placed the watch in pledge: *Held*, it was competent for the prisoner to prove all that was said by him, when he first approached the pawnbroker, in connection with the subject, and as to the manner in which he obtained

the watch—not only as a part of the *res gestæ*, but as a part of the conversation—to be given such weight by the jury as, from all the evidence in the case, it might seem entitled.

2. CRIMINAL LAW—*the possession of stolen property* soon after the theft was committed, is *prima facie* evidence that the property was stolen by the person in whose possession it was found—that fact, of itself, in the absence of evidence rebutting the presumption of guilt arising therefrom, will authorize a conviction.

3. FORMER DECISION. The case of *Conkright* v. *The People*, 35 Ill. 204, is not to be understood as holding a different rule.

WRIT OF ERROR to the Recorder's Court of Chicago; the Hon. WILLIAM K. MCALLISTER, Judge, presiding.

The opinion states the case.

Mr. H. M. CHASE, Messrs. GARRISON & ANDERSON and Mr. N. C. MYERS, for the plaintiff in error.

Mr. CHARLES H. REED, State's attorney, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the February term, 1869, of the recorder's court of Chicago, an indictment was presented by the grand jury against plaintiff in error, for stealing a gold watch, of the value of $175, the property of Herman Leib, together with other articles of personal property. He pleaded not guilty, and subsequently a trial was had by the court and a jury, resulting in a verdict of guilty, and a sentence to confinement in the penitentiary for one year. Whereupon he sued out this writ of error, and brings the record to this court and seeks a reversal of that judgment.

On the trial in the court below, it appeared from the evidence that the watch was stolen in the month of February, 1869, and was found by a police officer in the forenoon of the second day after it was stolen, in the pawnbroker's shop of one N. C. Myers. It appears that plaintiff in error had pawned it

the evening before.   The pawn ticket was found in the possession of plaintiff in error when he was arrested, two days after the watch was reclaimed.   Myers testified that he and a friend came into a saloon on the evening plaintiff in error placed the watch in pawn, when he saw accused conversing with a man with whom he was unacquainted; that plaintiff in error approached him with the watch and wanted to borrow fifty dollars on it; that he then went to the shop, and his clerk gave him forty dollars and received the watch in pledge. Plaintiff in error offered to prove by this witness that when accused applied to witness in the saloon to borrow the money, he said he did not own the watch, but wanted the money for Burns, with whom he had just before been conversing ; that it was just handed to him to raise the money, and that Burns heard these statements.   But the court refused to permit the proof to be made.

The prosecution having introduced evidence that plaintiff in error was in possession of the watch the next day after it was stolen, and what he said with reference to borrowing the money and pledging it as security, as evidence of his guilt, he unquestionably had the right to prove all he said in that conversation, not only as a part of the *res gestæ*, but as a part of the conversation.   The fact that he had the watch in possession and was offering to pledge it for the money, was introduced to prove he was exercising ownership over it, and also, being recently after it was stolen, as evidence that he had perpetrated the larceny. These acts being relied upon to establish his guilt, he had a right to have the remainder of what he said at the time go to the jury to be considered.   Greenleaf, in his Treatise on Evidence, vol. 1, sec. 108, lays it down as a rule, which is supported by adjudged cases, that there are declarations that are admitted as original evidence, being distinguished from hearsay by their connection with the principal fact under investigation ; that the " declarations of a party made at the time of a transaction, and expressive of its character, motive or object,

are regarded as verbal acts," tending to indicate a present purpose and intention, " and are, therefore, admitted in proof like any other material facts." But where they are merely narrative of a past occurrence, they can not be received as proof of such occurrence. They must be concomitant with and so intimately connected as to be regarded as a part of the transaction. Ib. sec. 110. Under this authority, the declarations made when he first approached Myers should have been admitted as part of the *res gestæ*. While such declarations are admissible, it is the duty of the jury to weigh and consider them, and give them such weight only as they are entitled to receive in view of all the circumstances in evidence. They are not required blindly to receive them as true, but to consider whether they were made in good faith and are true, or only for the purpose of screening himself from prosecution, when made by the accused. Nor should they overcome other reliable evidence inconsistent with their truth.

It is insisted that the possession of property soon after it is stolen is not, of itself, *prima facie* evidence that it was stolen by the person in whose possession it is found, and the case of *Conkwright* v. *The People*, 35 Ill. 204, is referred to in support of the position. If the case announces such a rule, it is too broad and should be limited. In that case, the property was found in the store of the accused, to which other persons had access, and the opinion was written in reference to an instruction given in that case. What should have been said was, that such possession, while it is *prima facie* evidence of guilt, when it is explained by other evidence or the surrounding circumstances, should not control. If the possession is recent after the theft, and there are no attendant circumstances, or other evidence to rebut the presumption or to create a reasonable doubt of guilt, the mere fact of such possession would warrant a conviction. A careful reading of the opinion, we think, will show that such is its scope, although some expressions are used that may render such a meaning doubtful. All

the books agree that a recent possession, after the theft, is sufficient to warrant a conviction, unless the attending circumstances, or other evidence, so far overcomes the presumption thus raised, as to create a reasonable doubt of the prisoner's guilt, when an acquittal should follow.

For the error indicated, the judgment of the court below must be reversed and the cause remanded for further proceedings.

*Judgment reversed.*