## SILAS HENRY *v.* THE STATE.

1. CHARGE OF THE COURT. — In every trial for felony, it is the duty of the court below, under art. 667 of the Code of Procedure, to give to the jury a written charge, distinctly setting forth the law applicable to the case; but a disregard of this duty is not necessarily error on appeal, when the record fails to show that the charge given was excepted to at the trial, or that a proper charge was requested by the defendant and refused by the court.

2. SAME—PRACTICE IN THIS COURT.—But if on appeal, in a felony case, it appears that the charge to the jury, though thus defective or erroneous, was not excepted to, nor a correct charge asked, the general revisory authority of this court and the provisions of art. 777 of the Code of Procedure empower it to revise the charge given to the jury and to award a new trial on account of error found therein. The exercise of this power, however, depends upon the inquiry whether the error in the charge was calculated to injure the rights of the defendant. If found to be of that character, the defendant is entitled to a new trial though he neither excepted to the charge nor asked further instructions.

3. THEFT.—In a trial for felonious theft, the evidence raised the issue of a *bona fide* acquisition by the defendant of the property alleged to have been stolen, but the charge of the court below failed to submit that issue to the jury. *Held*, that the omission was error calculated to injure the rights of the defendant, and therefore he is entitled to a new trial, notwithstanding he took no exception to the charge given and asked no other on the subject.

4. SAME—EVIDENCE.—In a trial for theft, the State put in evidence the entire statement of the defendant made at the time he was taken with the property, and in explanation of his possession of it, but the defendant was not allowed to prove his statements on the same subject made several days after his arrest. *Held*, that the ruling was correct.

APPEAL from the District Court of Robertson. Tried below before the Hon. S. FORD.

The conviction was for the theft of a horse belonging to one J. D. Sherman, and a term of five years in the penitentiary was the punishment awarded. The opinion gives the substance of the facts.

*Davis, Beall & Kemp*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The defendant was convicted of the theft of a horse. The charge of the court is the only error complained of which, as we think, requires our attention. In order to a proper understanding of this question, we will give a brief statement of the facts, or such portion thereof as will present the point.

The State relied upon recent possession, flight when

approached, and confessions of the defendant. There was some conflict in the testimony with reference to these confessions. The defendant relied upon the statement which is termed by the State a confession, taking the most favorable view of the same, and also upon the evidence of several witnesses tending to prove that defendant had acquired the property *bona fide* from one John Moore. The issue of good faith in the acquisition of the property was evidently formed by the evidence. Should not that issue have been presented to the jury by the charge of the court? Bear in mind that the defendant did not object to the charge, nor ask the proper charge of the court.

Art. 667, Code of Criminal Procedure, requires the judge to deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case. This charge shall be given in all felony cases, whether asked or not. But suppose the charge is not objected to, nor the proper charge requested, can the defendant get relief of *this* court by virtue of the above article? Not by any means. Art. 685 reads as follows : " Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall be reversed ; *provided*, the error is excepted to at the time of the trial." The defendant's right to appeal to art. 667 successfully before this court depends upon his strict compliance with the requirements of art. 685. If there can be found no authority for relief *in this court* save that in arts. 667 and 685, then the defendant's case is hopeless, provided he fail to comply with art. 685. Where, then, does this court get its authority to revise a defective charge, when not excepted to, nor the correct charge asked? And if this court has the power, by what rule will it exercise it?

The authority is derived from the general powers of revision and correction of errors given to this court by the laws of this State in proceeding under the laws regulating

proceedings in criminal trials.    See this subject discussed by Chief Justice Roberts, in *Bishop* v. *The State*, 43 Texas, 390.    By a careful reading of that opinion, we think, this subject will be found exhausted and settled.    We have also authority under art. 777, which is as follows : " The defendant (in a felony case) is entitled to a new trial in case the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant."    Nor does this right depend upon the fact that defendant excepted to the charge.    If the error is calculated to injure the rights of defendant he has a *legal right* to a new trial, depending alone upon the *injury inflicted*.    And if the court below refuses to the defendant this legal right, this court, by its power of revision and correction of errors, will reverse the judgment and grant the defendant a new trial.    Upon this ground the motion for a new trial was asked, and it was refused.

This court having the authority to revise the charge and reverse the judgment for errors in the charge, though not excepted to, nor the proper charge asked, by what rule will this court be governed?    Although the rule has been laid down in a number of cases, we will state it again : " If the court fails to charge the law applicable to the case, whether asked or not, and the failure is in its nature calculated to injure the rights of defendant, this court will reverse the judgment."    If the court, in the charge, should express any opinion as to the weight of evidence, or sum up the testimony, or discuss the facts, or use any argument calculated to rouse the sympathy or excite the passion of the jury, and by so doing the rights of the defendant are probably injured, this court will reverse, notwithstanding there is no exception to the charge at the time by defendant.    If the charge fails in any respect to comply with the Code of Criminal Procedure, and is excepted to, or the proper charge requested and refused at the proper time, this court will reverse, though the error tends in the slightest manner to injure the rights of defendant.

Let us return to and apply these, or one of these, rules to this case. We have seen that the evidence unquestionably presents an issue upon the good faith of the acquisition of the property by defendant. The charge fails to present to the jury that issue. This should have been done in a plain and pointed manner. The tendency and effect resulting from such failure are calculated to smother and dwarf, if not eliminate entirely, this issue (the defendant's only hope) from the consideration of the jury. This, we think, was calculated to injure the rights of defendant. *Bishop* v. *The State*, 43 Texas, 390; *Riojas* v. *The State*, 8 Texas Ct. App. 49; *Talbert* v. *The State*, 8 Texas Ct. App. 316; *Reynolds* v. *The State*, 8 Texas Ct. App. 412; *Lindley* v. *The State*, 8 Texas Ct. App. 445.

The court did not err in refusing to allow defendant to ask the State's witness W. J. Kirby in regard to the statement made by defendant explanatory of his possession. The judge appends to the bill of exceptions the following : " It was not made to appear that the statement of defendant was made at the time of his arrest, or soon after, or when he was first charged with the theft. On the contrary, the court was advised, when the statement was sought to be drawn out, that it would appear in the evidence during the trial that the declarations of defendant were made several days after defendant was arrested for the theft. The court sustained the objection to the evidence, but stated to counsel for defendant that if it was made to appear that the statement of defendant was made at the time of his arrest or accusation of the offence, defendant might recall the witness and introduce the testimony. This testimony was not afterwards offered by defendant, nor was any objection made to the introduction by the State's evidence of the statement of defendant at the time of his arrest."

The record discloses that at the time defendant was arrested he made a full statement in regard to his possession of the horse. To the introduction of this statement he was enti-

tled. The court gave him this right, the whole statement being introduced by the State without any objection on the part of defendant. From the record it appears that the defendant had the opportunity, and did make a full and complete statement at that time. That being the case, the court did not err in rejecting the subsequent statements, made several days after. 54 Ill. 404; *Hampton* v. *The State*, 5 Texas Ct. App. 463.

The court below having failed to charge the law applicable to the facts of this case, which was calculated to injure the rights of defendant, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*