Adam Smith

*v.*

The People of the State of Illinois.

*Filed at Ottawa May 12, 1882.*

1. New trial—*in a criminal case.* The guilt or innocence of the accused in a criminal case is always a question for the jury, and their finding will seldom be disturbed unless when it is manifest that they have been misled by the instructions of the court to the prejudice of the defendant.

2. LARCENY—*possession of stolen goods as evidence of guilt.*  Possession of property recently stolen is *prima facie* evidence of guilt, and is sufficient to warrant a conviction for its larceny, unless the attending circumstances or other evidence so far overcome the presumption thus raised as to create a reasonable doubt of the guilt of the accused, when an acquittal should follow.

3. INSTRUCTION—*whether it assumes facts.*  On the trial of one for larceny of goods, the possession of which by the accused four days after the theft was not disputed, the court instructed the jury "that the possession of stolen property soon after the commission of the theft is *prima facie* evidence that the person in whose possession it is found is guilty of the wrongful taking, and is sufficient to warrant a conviction, unless the other evidence in the case or the surrounding circumstances are such as to raise a reasonable doubt of such guilt:"  *Held,* that the instruction was proper, and not open to the objection that it assumed the existence of any fact necessary to be proven which was disputed on the trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. FORREST & MAY, for the plaintiff in error:

It is error to charge the jury that the possession of property recently stolen is *prima facie* evidence of guilt.  The rule is, that the possession of property recently stolen is evidence against the accused, which, like other evidence, is to be taken and considered by the jury in connection with the other testimony in the case.  *Thompson* v. *State,* 43 Texas, 268; 2 Bishop's Crim. Procedure, (3d ed.) sec. 740; *State* v. *Hodge,* 50 N. H. 510; *Smith* v. *State,* 58 Ind. 340.

That such possession does not change the burden of proof to the defendant, see 2 Bishop's Crim. Procedure, sec. 743; *Stover* v. *People,* 56 N. Y. 315; *State* v. *Hodge,* 50 N. H. 517.

Mr. LUTHER LAFLIN MILLS, State's Attorney of Cook county, and Mr. GEO. C. INGHAM, Assistant State's Attorney, for the People:

Whatever may be the law in some States, it is settled, in this as well as many other States, that the recent possession

of stolen property, unexplained, is of itself *prima facie* evidence of guilt.    *Comfort* v. *People*, 54 Ill. 404.

The instruction is almost in the very language of the court in the case cited.

The possession of fruits of crime recently after its commission is *prima facie* evidence of guilty possession, and if unexplained, is conclusive.    This presumption applies to other crimes, such as arson, murder accompanied by robbery, etc.    1 Greenleaf on Evidence, sec. 34; *State* v. *Cassidy*, 12 Kan. 550; 1 Hawley's Am. Crim. Rep. 568; *Tucker* v. *State*, 57 Ga. 456; *Belote's case*, 36 Miss. 120; *Foster* v. *State*, 52 id. 695; *Smathers* v. *State*, 46 Ind. 450; *Crilly* v. *State*, 20 Wis. 231; *State* v. *Williams*, 54 Mo. 170; *Jones* v. *State*, 12 Ill. 259; *State* v. *Weston*, 9 Conn. 527; *State* v. *Brewster*, 7 Vt. 118; *Maynard* v. *State*, 46 Ala. 85; *Commonwealth* v. *Randall*, 119 Mass. 107; *State* v. *Merrick*, 19 Maine, 398; *State* v̇. *Turner*, 65 N. C. 592.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Accused was indicted for larceny of a wagon, and on a trial had in the Criminal Court of Cook county, was found guilty, and sentenced to a term of imprisonment in the penitentiary. Evidence was introduced tending to establish facts that show his guilt, and it is not claimed that on the testimony found in the record a new trial should be awarded had there been no error in the instructions given on behalf of the prosecution calculated to mislead the jury.    The guilt or innocence of the accused is always a question for the jury, and their finding will seldom be disturbed, unless where it is manifest they have been misled by the instructions of the court to the prejudice of defendant.

The instruction given on behalf of the People, the correctness of which is called in question both in the argument and on the assignment of error, is as follows:

"The court instructs the jury that the possession of stolen property soon after the commission of the theft is *prima facie* evidence that the person in whose possession it is found is guilty of the wrongful taking, and is sufficient to warrant a conviction, unless the other evidence in the case or the surrounding circumstances are such as to raise a reasonable doubt of such guilt."

There is no doubt there are contradictory decisions on this branch of the law, but in this State it is certainly settled that possession of property recently stolen is *prima facie* evidence of guilt, and is sufficient to warrant a conviction unless the attending circumstances or other evidence so far overcome the presumption thus raised as to create a reasonable doubt of the guilt of the accused, when, of course, an acquittal should follow. This principle is so definitely determined by the decision of this court in *Comfort* v. *The People*, 54 Ill. 404, it need not now be discussed as a new question.

The instruction as given states the law nearly in the precise terms it is declared by this court to be. Nor is it subject to the objection it assumes any fact to be proved that was a matter of contention at the trial. It can not be said it assumes the existence of any fact, unless it was the possession of the property recently after it was stolen. That fact was proven by the People, and the accused admitted it came to his possession within four days after it was proven to have been stolen from the owner. Even if the instruction assumes the property was found in the possession of defendant shortly after it was stolen, that fact was not in dispute, and it certainly did the accused no harm. It was fairly left to the jury to find whether the other evidence and circumstances proven either by defendant or the People, sufficiently overcame the presumption of guilt raised by proof of possession of the stolen property shortly after the theft had been committed.

The facts the evidence tends to establish show the guilt of the accused past all reasonable doubt, and as the law applicable to the facts was fairly given to the jury, there is no ground for setting aside the verdict.   The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY : I think it error to charge a jury that any given circumstance is "sufficient to warrant a conviction." That is always a question of fact, not of law.