790 N.E.2d 846 (2003)
204 Ill.2d 400
274 Ill.Dec. 73
The PEOPLE of the State of Illinois, Appellant,
v.
Peter M. GRECO, Appellee.
No. 89940.
Supreme Court of Illinois.
May 8, 2003.
*849 James E. Ryan, Attorney General, Springfield, and Joseph E. Birkett, State's Attorney, Wheaton (Joel D. Bertocchi, Solicitor General, and William L. Browers and David H. Iskowich, Assistant Attorneys General, Chicago, of counsel), for the People.
George P. Lynch, Lisle, for appellee.
*850 Justice KILBRIDE delivered the opinion of the court:
At issue in this case is the constitutionality of sections 1-191 and 4-103.2(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/1-191, 4-103.2(b) (West 2000)). Defendant was charged with one count of theft (720 ILCS 5/16-1(a)(1)(A) (West 2000)), two counts of aggravated unlawful possession of special mobile equipment (625 ILCS 5/4-103.2(a)(5) (West 2000)), and one count of unlawful defacing of a manufacturer's identification number (625 ILCS 5/4-103(a)(2) (West 2000)). In dismissing the latter three counts, the circuit court of Du Page County found that the definition of "[s]pecial mobile equipment" within section 1-191 (625 ILCS 5/1-191 (West 2000)) is unconstitutionally vague. The court also found that the permissive inference in section 4-103.2(b) (625 ILCS 5/4-103.2(b) (West 2000)) violates the doctrine of separation of powers. The State appeals the circuit court's ruling directly to this court pursuant to Supreme Court Rule 302(a) (134 Ill.2d R. 302(a)). For the following reasons, we affirm in part and reverse in part the judgment of the circuit court, and hold that section 4-103.2(b) violates due process and that the circuit court improperly sustained defendant's facial challenge of section 1-191.

I. STATUTORY AND PROCEDURAL BACKGROUND
Due to the procedural posture of this case, the record below is severely limited. Because this was a facial challenge of the disputed provisions of the statute, the facts surrounding defendant's indictment were not adduced before the trial court.
Defendant was charged under section 4-103.2 with possession of stolen special mobile equipment. In relevant part, that section states:
"(a) It is a violation of this Chapter for:
* * *
(5) a person not entitled to the possession of any * * * special mobile equipment * * * to * * * possess * * * the vehicle or vehicle part described in this paragraph knowing it is stolen or converted[.]" 625 ILCS 5/4-103.2(a)(5) (West 2000).
Subsection (b) of section 4-103.2 invokes a permissive inference contained in section 4-103(a)(1) of the Code. Under that provision, it may be inferred that a person who exercises the exclusive unexplained possession of a stolen vehicle has knowledge that the vehicle is stolen. 625 ILCS 5/4-103(a)(1) (West 2000). Moreover, the provision explains that the permissive inference may be applied whether the date when the vehicle was stolen is recent or remote. 625 ILCS 5/4-103(a)(1) (West 2000). The General Assembly based the permissive inference, in part, upon the finding that:
"the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisitions and dispositions are reflected by documents of title, uniform invoices, rental contracts, leasing agreements and bills of sale." 625 ILCS 5/4-103(a)(1) (West 2000).
Under the Code, special mobile equipment is defined as follows:
"Every vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway, including but not limited to: street sweepers, ditch digging apparatus, well boring apparatus and road construction and maintenance machinery such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, levelling graders, finishing *851 machines, motor graders, road rollers, scarifiers, earth moving carryalls and scrapers, power shovels and drag lines, and self-propelled cranes and earth moving equipment. The term does not include house trailers, dump trucks, truck mounted transit mixers, cranes or shovels, or other vehicles designed for the transportation of persons or property to which machinery has been attached." 625 ILCS 5/1-191 (West 2000).
The indictment provided that defendant's aggravated unlawful possession of special mobile equipment charges stemmed from his possession of one "Case Wheeled Loader Model 1845C." The machinery referred to by the indictment is commonly known as a "wheel loader," a "uni-loader," or a "skid-steer loader."
Defendant moved to dismiss the indictment, arguing among other things that: (1) the permissive inference incorporated into section 4-103.2(b) violates due process and the separation of powers doctrine; and (2) the definition of "special mobile equipment" contained in section 1-191 is unconstitutionally vague. The court granted defendant's motion, and the State now appeals under Supreme Court Rule 302(a) (134 Ill.2d R. 302(a)).

II. ANALYSIS
All statutes are presumed to be constitutional, and the burden of rebutting that presumption is on the party challenging the validity of the statute to demonstrate clearly a constitutional violation. People v. Sypien, 198 Ill.2d 334, 338, 261 Ill.Dec. 294, 763 N.E.2d 264 (2001). If reasonably possible, a statute must be construed so as to affirm its constitutionality and validity. People v. Fuller, 187 Ill.2d 1, 10, 239 Ill.Dec. 582, 714 N.E.2d 501 (1999). In this case the circuit court declared that sections 1-191 and 4-103.2(b) are facially unconstitutional. Such challenges to legislative acts are the most difficult challenges to mount. In re R.C., 195 Ill.2d 291, 297, 253 Ill.Dec. 699, 745 N.E.2d 1233 (2001), quoting In re C.E., 161 Ill.2d 200, 210-11, 204 Ill.Dec. 121, 641 N.E.2d 345 (1994), quoting United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697, 707 (1987). "`[T]he challenger must establish that no set of circumstances exists under which the Act would be valid.'" R.C., 195 Ill.2d at 297, 253 Ill.Dec. 699, 745 N.E.2d 1233, quoting In re C.E., 161 Ill.2d 200, 210-11, 204 Ill.Dec. 121, 641 N.E.2d 345 (1994), quoting United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697, 707 (1987). Moreover, that the statute might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, as we have not recognized an overbreadth doctrine outside the limited context of the first amendment. C.E., 161 Ill.2d at 210-11, 204 Ill.Dec. 121, 641 N.E.2d 345, quoting United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697, 707 (1987). We review de novo a circuit court's holding that a statute is unconstitutional. Sypien, 198 Ill.2d at 338, 261 Ill.Dec. 294, 763 N.E.2d 264.

A. Section 4-103.2(b); Permissive Inference in Relation to Special Mobile Equipment
An inference or presumption is a legal device that either permits or requires the fact finder to assume the existence of a presumed or ultimate fact based on certain predicate or basic facts. People v. Watts, 181 Ill.2d 133, 141-42, 229 Ill.Dec. 542, 692 N.E.2d 315 (1998). While inferences and presumptions play "a vital role in the expeditious resolution of factual questions" (People v. Hester, 131 Ill.2d 91, 98, 136 Ill.Dec. 111, 544 N.E.2d 797 (1989)), their *852 use to prove an element of a crime may raise due process concerns. Watts, 181 Ill.2d at 143, 229 Ill.Dec. 542, 692 N.E.2d 315. The due process clause "`protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" People v. Jeffries, 164 Ill.2d 104, 114, 207 Ill.Dec. 21, 646 N.E.2d 587 (1995), quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). Thus, "the due process clauses of the Fifth and Fourteenth Amendments set limits upon the power of Congress or that of a state legislature to make the proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated." Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 1245, 87 L.Ed. 1519, 1524 (1943).
A permissive inference is one that simply allows, but does not require, the finder of fact to infer the existence of the ultimate or presumed fact upon proof of the predicate fact, without placing any burden on the defendant. Watts, 181 Ill.2d at 142, 229 Ill.Dec. 542, 692 N.E.2d 315. In situations where there is some corroborating evidence of a defendant's guilt, the constitutionality of a permissive inference should be judged under a "more likely than not" standard. People v. Housby, 84 Ill.2d 415, 425, 50 Ill.Dec. 834, 420 N.E.2d 151 (1981). Under this standard, the permissive presumption will satisfy due process concerns if the presumed fact is more likely than not to flow from the predicate fact. Housby, 84 Ill.2d at 425, 50 Ill.Dec. 834, 420 N.E.2d 151. Where the permissive presumption is the lone basis for a finding of guilt, however, the presumed fact must flow beyond a reasonable doubt from the proven, predicate fact. Housby, 84 Ill.2d at 421, 50 Ill.Dec. 834, 420 N.E.2d 151.
As a threshold matter, the State argues that defendant lacks standing to challenge the permissive inference borrowed by section 4-103.2(b) from section 4-103(a)(1). The State contends that defendant lacks standing in that the permissive inference would not have been applied to him because he was charged with possession of stolen special mobile equipment and not a stolen vehicle. According to the State, section 4-103(a)(1) solely applies to vehicles and the acquisition of vehicles is controlled by law as reflected by legal documents, including titles, leasing agreements, and bills of sale. Conversely, special mobile equipment need not be registered and can be transferred by oral contract. Thus, the State maintains the permissive inference of section 4-103.2(b) was not meant to be used in cases involving the possession of stolen special mobile equipment.
Defendant counters that the State has waived its standing argument by not requesting that the trial court make a ruling on the issue. In the alternative, defendant maintains that he has standing because he is charged with an offense under a statutory scheme that places him at risk of being subjected to the inference. Regardless of the State's announced position not to rely upon the inference, a trial court or the appellate court could rely upon the statutory scheme in reaching a finding of guilt.
The doctrine of standing is intended to insure that issues are raised and argued only by those parties with a real interest in the outcome of the controversy. Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago, 189 Ill.2d 200, 206, 244 Ill.Dec. 26, 724 N.E.2d 914 (2000). To have standing to challenge the constitutionality of a statute, a person must have suffered or be in immediate danger of suffering a direct injury as a result of enforcement of the challenged statute. Messenger v. Edgar, 157 Ill.2d *853 162, 171, 191 Ill.Dec. 65, 623 N.E.2d 310 (1993). Standing is an element of justiciability, and it must be defined on a case-by-case basis. In re Marriage of Rodriguez, 131 Ill.2d 273, 280, 137 Ill.Dec. 78, 545 N.E.2d 731 (1989).
We need not address defendant's arguments concerning waiver because we agree with defendant that the statutory scheme places him in danger of being subjected to the permissive inference. The State's arguments are belied by the plain language of the Code. Section 4-103.2 is a provision of the Code relating to aggravated offenses that involve the sale, receipt and possession of motor vehicles and other vehicles. 625 ILCS 5/4-103.2 (West 2000). Defendant was charged pursuant to section 4-103.2(a)(5) of the Code with possession of "special mobile equipment * * * knowing [that the special mobile equipment] is stolen or converted." 625 ILCS 5/4-103.2(a)(5) (West 2000). Subsection (b) of section 4-103.2 expressly provides that the section 4-103(a)(1) inference shall apply to the offenses set out in subsection (a) of section 4-103.2. That inference allows the unexplained possession of a stolen vehicle to be evidence that the possessor knows that the vehicle is stolen whether the date when the vehicle was stolen is recent or remote. 625 ILCS 5/4-103(a)(1) (West 2000). Not only is special mobile equipment not exempted from this permissive inference, it is also specifically included in paragraph (5) of subsection (a). Moreover, by its very title, the entirety of section 4-103.2 involves "vehicles." Thus, contrary to the State's argument, it appears that the legislature intended to include special mobile equipment within the meaning of "vehicle" and intended the inference to be applicable in cases involving the possession of special mobile equipment.
This conclusion is supported by the definition of "vehicle" contained in section 1-217 of the Code that contains no reference to registration or transfer and sales requirements. In section 1-217, a vehicle is simply defined as:
"[e]very device, in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power, devices used exclusively upon stationary rails or tracks and snowmobiles as defined in the Snowmobile Registration and Safety Act." 625 ILCS 5/1-217 (West 2000).
Additionally, section 1-191 expressly uses the term "vehicle" when defining special mobile equipment. 625 ILCS 5/1-191 (West 2000). In accord with this statutory language and the statutory scheme developed by the legislature, we hold that defendant has sufficiently shown that he is in immediate danger of being subjected to the permissive inference of section 4-103.2(b) and thus has standing to challenge that section's constitutionality.
Nevertheless, the State cites People v. Rogers, 133 Ill.2d 1, 139 Ill.Dec. 714, 549 N.E.2d 226 (1989). In Rogers, the defendant was charged with child abduction. The indictment alleged that the defendant lured two children into his car for the purpose of committing the act of criminal sexual abuse. Defendant moved to dismiss the indictment, complaining that the section of the child abduction statute (Ill. Rev.Stat.1987, ch. 38, par. 10-5(b)(10), now 720 ILCS 5/10-5(b)(10) (West 2000)) was unconstitutional in that it impermissibly shifted the burden of proof onto a defendant by including a presumption that a person who lures a child into a motor vehicle without the parent's consent is doing so for "other than a lawful purpose." Ill.Rev.Stat.1987, ch. 38, par. 10-5(b)(10), now 720 ILCS 5/10-5(b)(10) (West 2000). *854 The defendant also argued that the phrase "other than a lawful purpose" was unconstitutionally vague.
This court held that the defendant in Rogers lacked standing to challenge the inference because it was apparent that the inference would not be applied to him. Rogers, 133 Ill.2d at 11, 139 Ill.Dec. 714, 549 N.E.2d 226. The indictment in that case specifically alleged an unlawful purpose, namely, criminal sexual abuse. Rogers, 133 Ill.2d at 11, 139 Ill.Dec. 714, 549 N.E.2d 226. As a result, the State had to prove the elements of criminal sexual abuse at trial and it could not rely on the presumption. Rogers, 133 Ill.2d at 11, 139 Ill.Dec. 714, 549 N.E.2d 226.
The instant case is easily distinguished. Quite simply, there is no indication from the record that the State relinquished its ability to rely on the permissive inference of section 4-103.2(b). Thus, unlike the Rogers defendant, this defendant has standing to challenge the statute because he is in immediate danger of sustaining some direct injury as a result of enforcement of the statute. See People v. Ziltz, 98 Ill.2d 38, 41, 74 Ill.Dec. 40, 455 N.E.2d 70 (1983).
We now turn to the merits of the parties' arguments concerning section 4-103.2(b). Defendant maintained below that the disputed provision violates the separation of powers doctrine and due process because it allows knowledge of the fact a vehicle was stolen to be inferred from the unexplained possession of that vehicle, regardless of when the vehicle was actually stolen. The circuit court held that the section violates separation of powers. Accordingly, before this court, defendant nominally confines his argument to the separation of powers doctrine, maintaining that the permissive inference of section 4-103.2(b) imposes upon the court a legal premise that contravenes the law of the state as set out in People v. Housby, 84 Ill.2d 415, 50 Ill.Dec. 834, 420 N.E.2d 151 (1981).
Under Housby, a defendant's "recent and exclusive possession of items stolen in a burglary, without reasonable explanation, gives rise to an inference that the possession was obtained by burglary." (Emphasis added.) Housby, 84 Ill.2d at 422, 50 Ill.Dec. 834, 420 N.E.2d 151. Thus, according to defendant, the legislature's expansion of this inference to eliminate the recency requirement is a usurpation of the judicial power.
The permissive inference at issue in this case, as announced in Housby, is not of recent vintage. In Comfort v. People, 54 Ill. 404 (1870), this court articulated the inference as follows:
"[W]hile [possession of property soon after it is stolen] is prima facie evidence of guilt, when it is explained by other evidence or the surrounding circumstances, [such possession] should not control. If the possession is recent after the theft, and there are no attendant circumstances, or other evidence to rebut the presumption or to create a reasonable doubt of guilt, the mere fact of such possession would warrant a conviction." (Emphasis added.) Comfort, 54 Ill. at 407.
Accord Smith v. People, 103 Ill. 82, 85, 1882 WL 10290 (1882); Miller v. People, 229 Ill. 376, 382-83, 82 N.E. 391 (1907).
In subsequent cases we refined the inference and identified the rationale behind the recency requirement. For example, in People v. Bullion, 299 Ill. 208, 132 N.E. 577 (1921), we explained that, in order for the inference to arise, the possession of the stolen property must be "soon after the crime," and it must be the exclusive possession of the individual charged. (Emphasis *855 added.) Bullion, 299 Ill. at 212-13, 132 N.E. 577. We went on to clarify that:
"[t]he possession must be so recent as to indicate that the possessor must have taken the property, and where it is so remote in time as to have given fair opportunity to the thief to dispose of the goods and to the defendant to acquire them honestly, possession is slight, if any, evidence of guilt * * *." Bullion, 299 Ill. at 212-13, 132 N.E. 577, citing People v. Kubulis, 298 Ill. 523, 530, 131 N.E. 595 (1921).
Stated another way in Housby, the inference of guilt flowing from the recent and exclusive possession of items stolen in a burglary is justified by the "`inherently strong probability'" that the inference is accurate. Housby, 84 Ill.2d at 422, 50 Ill.Dec. 834, 420 N.E.2d 151. Whether the possession is recent is ordinarily a question for the jury, and no definite time can be fixed when, as a matter of law, possession is not recent. People v. Pride, 16 Ill.2d 82, 92, 156 N.E.2d 551 (1959); People v. Malin, 372 Ill. 422, 428, 24 N.E.2d 349 (1939); Kubulis, 298 Ill. at 530, 131 N.E. 595.
As stated earlier, generally speaking, in order for a permissive inference to pass constitutional muster, there must be a rational connection between the fact proved and the fact presumed. Housby, 84 Ill.2d at 420, 50 Ill.Dec. 834, 420 N.E.2d 151, citing Tot, 319 U.S. at 467, 63 S.Ct. at 1245, 87 L.Ed. at 1524. The connection between a proved fact and a presumed fact in a criminal law context "`must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.'" Housby, 84 Ill.2d at 420-21, 50 Ill.Dec. 834, 420 N.E.2d 151, quoting Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, 82 (1969).
Employing these standards, we cannot hold that the permissive inference contained within section 4-103.2(b) is constitutional as applied to special mobile equipment. Plainly put, there is no substantial assurance that a person with unexplained possession of a piece of special mobile equipment stolen, for example 10 years ago, more likely than not has knowledge that the piece of equipment was stolen. In other words, by removing the recency requirement of the permissive inference as currently embodied in section 4-103.2(b), the legislature has dramatically weakened the probability that the inference will be correct with regard to special mobile equipment. The State concedes that the acquisition and transfer of special mobile equipment is not subject to the strict control and documentation requirements that attends the conveyance of other vehicles. We, accordingly, express no opinion with regard to the constitutionality of the permissive inference in the context of other vehicles as defined under the Code. See, e.g., People v. Gentry, 192 Ill. App.3d 774, 139 Ill.Dec. 883, 549 N.E.2d 609 (1989); People v. Ferguson, 204 Ill. App.3d 146, 149 Ill.Dec. 422, 561 N.E.2d 1118 (1990) (the permissive inference did not violate due process in relation to a motor vehicle). The Gentry court specifically relied on the legislative finding that the transfer of motor vehicles is strictly documented and controlled by law. Gentry, 192 Ill.App.3d at 778-79, 139 Ill.Dec. 883, 549 N.E.2d 609.
While the circuit court appears to have confined its holding to the separation of powers doctrine, we may affirm its decision on any basis supported by the record. See Gunthorp v. Golan, 184 Ill.2d 432, 438, 235 Ill.Dec. 21, 704 N.E.2d 370 (1998). In this case, defendant argued before the circuit *856 court that section 4-103.2(b) violates due process and specifically cited Tot and Leary. Moreover, before this court, defendant mainly relies on Housby, and we stated unequivocally in Housby that our decision was "mandated by due process requirements." Housby, 84 Ill.2d at 423, 50 Ill.Dec. 834, 420 N.E.2d 151. Accordingly, defendant has implicitly raised due process here. The trial court likewise based its decision, in part, on due process concerns, finding:
"[There is] a great deal of difference between the permissive inference to be drawn from * * * possession of recently stolen property as opposed to possession of property which may have been stolen at any time. Under that scenario it would have been reasonable to have bought a part of a tractor at a flee [sic] market and be charged with a Class 4 felony. It's absurd, absolutely absurd that that type of inference would be allowable under the statute."
We are ever mindful of our duty to construe a statute in a manner that upholds its validity and constitutionality whenever reasonably possible. People v. Malchow, 193 Ill.2d 413, 418, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000). In this case, section 4-103.2(b) cannot be reasonably construed as constitutional with regard to special mobile equipment because it violates due process by removing the requirement that a piece of special mobile equipment be recently stolen in order for possession of the equipment to give rise to an inference that the possessor knows that the equipment was stolen.

B. Section 1-191; Definition of Special Mobile Equipment
The State lastly challenges the trial court's ruling that the definition of "[s]pecial mobile equipment" contained in section 1-191 is unconstitutional on its face because it is vague. 625 ILCS 5/1-191 (West 2000). The State argues that the definition is sufficiently clear to give a person of ordinary intelligence a reasonable opportunity of knowing what devices are covered by it. The State therefore contends that the statute withstands a vagueness challenge and that the trial court erred in ruling otherwise.
A vagueness challenge is a due process challenge, examining whether a statute "`give[s] [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'" Russell v. Department of Natural Resources, 183 Ill.2d 434, 442, 233 Ill.Dec. 782, 701 N.E.2d 1056 (1998), quoting Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222, 227 (1972). An act is not, however, unconstitutionally vague simply because one can conjure up a hypothetical dispute over the meaning of some of the act's terms. Gem Electronics of Monmouth, Inc. v. Department of Revenue, 183 Ill.2d 470, 481, 234 Ill.Dec. 189, 702 N.E.2d 529 (1998).
When considering a vagueness challenge to a statute, a court considers not only the language used, but also the legislative objective and the evil the statute is designed to remedy. R.C., 195 Ill.2d at 299, 253 Ill.Dec. 699, 745 N.E.2d 1233. In cases such as the one at bar that do not involve first amendment freedoms, due process is satisfied if: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions. People v. Falbe, 189 Ill.2d 635, 640, 244 Ill.Dec. 901, 727 *857 N.E.2d 200 (2000). Moreover, vagueness assaults on statutes that do not involve first amendment freedoms are to be analyzed in light of the particular facts of the case at hand. R.C., 195 Ill.2d at 299, 253 Ill.Dec. 699, 745 N.E.2d 1233, quoting Russell, 183 Ill.2d at 442, 233 Ill.Dec. 782, 701 N.E.2d 1056. The first amendment is not implicated in this case. Accordingly, defendant cannot contend that section 1-191 is vague on its face if the provision clearly applies to him. R.C., 195 Ill.2d at 299, 253 Ill.Dec. 699, 745 N.E.2d 1233.
Section 1-191 begins by classifying special mobile equipment as "[e]very vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway." 625 ILCS 5/1-191 (West 2000). The potential difficulty with this classification is that it can be satisfied either by an individual vehicle's design or by its usage. Nevertheless, we cannot determine whether section 1-191 is unconstitutionally vague as applied to defendant, as there has been no fact finding in this case. Nor could have the trial court done so. As a result, it was inappropriate for the trial court to declare the statute vague. As this is a case not involving first amendment freedoms, the vagueness challenge could not properly have been resolved except by application to the facts of the case. The trial court's determination that the statute was unconstitutionally vague was, therefore, premature and must be reversed. R.C., 195 Ill.2d at 299-300, 253 Ill.Dec. 699, 745 N.E.2d 1233. While it is possible that specific future applications "`"may engender concrete problems of constitutional dimension, it will be time enough to consider any such problems when they arise."'" R.C., 195 Ill.2d at 299-300, 253 Ill.Dec. 699, 745 N.E.2d 1233, quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 504, 102 S.Ct. 1186, 1196, 71 L.Ed.2d 362, 375 (1982), quoting Joseph E. Seagram & Sons, Inc. v. Hostetter, 384 U.S. 35, 52, 86 S.Ct. 1254, 1265, 16 L.Ed.2d 336, 348 (1966).

III. CONCLUSION
For the above-stated reasons, we hold that section 4-103.2(b) of the Illinois Vehicle Code is constitutionally infirm as it applies to special mobile equipment because it violates due process. In addition, we hold that the trial court improperly sustained defendant's facial challenge of section 1-191 of the Code on vagueness grounds. Further factual development is necessary to determine if this section clearly applies to defendant. The judgment of the circuit court of Du Page County is, therefore, affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Affirmed in part and reversed in part; cause remanded.
Justice RARICK took no part in the consideration or decision of this case.
Justice THOMAS, specially concurring:
I agree with the majority's conclusion that section 4-103.2(b) is unconstitutional as applied to special mobile equipment. I also agree with the majority's decision to reverse the trial court's ruling that section 1-191 is unconstitutionally vague. However, I disagree with the majority's assertion that it is too early to decide this question. I would address the issue and hold that section 1-191 is not unconstitutionally vague.
The majority asserts that it cannot determine if the statute is unconstitutionally vague because there has been no fact finding. The rule that the majority relies on to avoid the issue is the following statement *858 from In re R.C., 195 Ill.2d 291, 299, 253 Ill.Dec. 699, 745 N.E.2d 1233 (2001): "As this was a civil case, not involving the first amendment, the vagueness challenge could not properly have been resolved except by application to the facts of the case." Here, no more facts are required to decide the issue. We know from the indictment that defendant was charged with unlawfully possessing a "Case Wheeled Loader Model 1845C with Product Identification Number JAF 0196424." In its response to defendant's motion to dismiss, the State noted that in the construction industry the wheeled loader is commonly referred to as a "uni-loader," a "skid steer," or a "Bob Cat."
Thus, when defendant was indicted, he was given notice exactly what equipment he was charged with possessing unlawfully. In criminal cases, the most common time for a defendant to bring a vagueness challenge to a statute is after indictment but before trial. As in this case, the argument is generally raised in the form of a motion to dismiss the indictment or information. See, e.g., People v. Law, 202 Ill.2d 578, 270 Ill.Dec. 53, 782 N.E.2d 247 (2002); People v. Izzo, 195 Ill.2d 109, 253 Ill.Dec. 425, 745 N.E.2d 548 (2001); People v. Russell, 158 Ill.2d 23, 196 Ill.Dec. 629, 630 N.E.2d 794 (1994); People v. Capitol News, Inc., 137 Ill.2d 162, 148 Ill.Dec. 1, 560 N.E.2d 303 (1990); People v. Ryan, 117 Ill.2d 28, 109 Ill.Dec. 162, 509 N.E.2d 1001 (1987). That is exactly what defendant did here.
It should be noted that section 1-191 is not the statute defendant challenged as unconstitutionally vague in his original motion to dismiss the indictment. Rather, defendant argued that section 4-103.2(a)(5), the section defining the offense with which defendant was charged, was unconstitutionally vague. This section makes it an offense to possess, receive, conceal, dispose of, or transfer special mobile equipment, if the person doing so knows it to be stolen or converted. Defendant argued that this section was unconstitutionally vague because, "There is no definition found in the Statute which clearly defines `special mobile equipment." The State immediately responded that there was indeed such a statute, section 1-191, which gives a detailed and comprehensive definition of "special mobile equipment." Surprisingly, defendant did not withdraw his vagueness argument. Rather, he simply transferred the argument to section 1-191, despite the fact that this section is a textbook example of a nonvague statute.
Section 1-191, set out in full in the majority opinion, defines special mobile equipment as "every vehicle[1] not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway." The statute then lists several examples of vehicles that are special mobile equipment and several types of vehicles that are not. The vehicles that are listed are indeed ones that are not designed or used primarily for the transportation of persons or property and are only incidentally operated or moved over a highway. Likewise, the vehicles that are excluded are ones that are used primarily for the transportation of persons or property. The statute is clear, detailed, and easy to follow, and no one could seriously contend that this is a vague statute.
The majority's position seems to be that we do not yet have enough facts to determine if a wheeled loader is "special mobile equipment," and thus it is too early to decide the vagueness question. Two problems are immediately apparent. First, defendant had the burden to demonstrate *859 that the statute was invalid. Law, 202 Ill.2d at 582, 270 Ill.Dec. 53, 782 N.E.2d 247. Defendant argued in his memorandum of law in support of his motion to dismiss that "we have no idea what a `Bobcat' is or how it relates to the vague definition of special mobile equipment." If this is true, then defendant has failed in his burden to demonstrate that the statute is unconstitutionally vague as applied to a wheeled loader.
Second, the majority's position rests on a subtle fallacy. As the majority correctly notes, a statute is void for vagueness only if it fails to (1) "provide the kind of notice that would enable a person of ordinary intelligence to understand what conduct is prohibited," or (2) "provide explicit standards for those who apply it, thus authorizing or even encouraging arbitrary and discriminatory enforcement." Law, 202 Ill.2d at 582-83, 270 Ill.Dec. 53, 782 N.E.2d 247. Here, the statute that "prohibits conduct" is not section 1-191 but section 4-103.2(a)(5), which makes it an offense to possess, receive, conceal, dispose of, or transfer special mobile equipment, if the person doing so knows it to be stolen or converted. Section 1-191 merely provides a comprehensive definition of "special mobile equipment."
It is also a crime, however, for a person to exert control over stolen "property" in general if the person knows it to be stolen or obtains it under circumstances that would reasonably lead him to believe the property was stolen. See 720 ILCS 5/16-1(a) (West 2000). It is also a felony to "receive, possess, conceal, sell, dispose, or transfer" a "vehicle" if the person knows that the vehicle is stolen or converted. See 625 ILCS 5/4-103(a)(1) (West 2000). Thus, no matter what a "wheeled loader" is, it was unlawful of defendant to possess it if he knew that it was stolen. Defendant has not argued that he thought it would be permissible to possess a stolen wheeled loader if it was not considered "special mobile equipment." All that the designation of the property as "special mobile equipment" does is change the class of the offense. Unlawful possession of stolen special mobile equipment is a Class 1 felony (625 ILCS 5/4-103.2(c) (West 2000)), while unlawful possession of a stolen vehicle is a Class 2 felony (625 ILCS 5/4-103(b) (West 2000)), and theft can be anywhere from a Class A misdemeanor to a Class X felony, depending on what was stolen and how it was taken[2] (720 ILCS 5/16-1(b) (West 2000)). Thus, no matter what a "wheeled loader" is, defendant was on notice that he was not entitled to possess it if he knew that it was stolen, and he was thus given fair warning what conduct was prohibited.
Similarly, the statute does not fail to give explicit standards for those who apply it, and arbitrary enforcement is neither authorized nor encouraged. If law enforcement officials believe that a person is in possession of stolen property, the statutes set forth above are sufficiently clear for them to determine how to charge the offense. Likewise, the statutory definitions are sufficiently clear to be applied by a trier of fact. It would be extraordinarily difficult and burdensome for the legislature to list every conceivable type of vehicle that is "special mobile equipment." Instead, they have provided a clear definition, with specific examples of the types of vehicles that are included in the definition and those that are not.
*860 The majority seems to be implying that if subsequent facts show that a "wheeled loader" is not included in the definition, then the statute is unconstitutionally vague as applied to a wheeled loader. I disagree. If it is determined that a "wheeled loader" is "not designed or used primarily for the transportation of persons or property" and is "only incidentally operated or moved over a highway," and defendant is shown to have possessed it, knowing that it was stolen, then defendant is guilty of the charged offense. If it turns out that a "wheeled loader" does not meet that definition, then the State has mischarged these counts of the indictment and defendant is not guilty of this particular offense. Either way, the statute is not unconstitutionally vague. We have sufficient information to decide this issue now, and I would hold that the statute is not unconstitutionally vague.
NOTES
[1] The term "vehicle" is defined in section 1-217 (625 ILCS 5/1-217 (West 2000)).
[2] Defendant in this case was charged with theft of property worth more than $10,000 but less than $100,000, which is a Class 2 felony. See 720 ILCS 5/16-1(b)(5) (West 2000).