THIRD DIVISION
AUGUST 1, 2007

No. 1-05-3288

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 25402 |
| | ) | |
| RICKY BUTLER, | ) | The Honorable |
| | ) | Bertina E. Lampkin, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant, Ricky Butler, was convicted of harassment of a witness and sentenced, as a Class X offender, to eight years' imprisonment. On appeal, defendant contends that the witness harassment statute is unconstitutionally overbroad and vague on its face. Defendant additionally contends that the State failed to prove him guilty of witness harassment beyond a reasonable doubt.

The evidence adduced at trial demonstrated that, on September 27, 2004, defendant was arrested in connection with a misdemeanor attempted theft. Chau Troung filed the related complaint after he and his employee, Cornelio Rivera, found defendant on the roof of Troung's business. The next day, at around 8 a.m., Troung and Rivera were inspecting the exterior building of the business when they noticed defendant walking across the street, approximately 20 to 25 feet away. At that time, defendant yelled "Mr. Troung, I will kill you. You filed a complaint against me. I'm going to kill you mother------s. I know what time you're leaving.

*** I know what time you come in the morning." Throughout the rant, defendant pointed at both Troung and Rivera. Thereafter, Troung contacted the police and filed a second complaint against defendant. Defendant was subsequently arrested.

At trial, Troung and Rivera testified consistently with the above facts. Troung additionally testified that he never saw defendant with any weapons.

Officer Karlene Gurtowski testified that she responded to the initial report of attempted theft on September 27, 2004. She spoke to Troung at his place of business and arrested defendant after finding him hiding nearby. Troung also called Gurtowski the next day after the second incident with defendant. Gurtowski was not on duty at that time; however, she advised Troung to either call 911 or file a report at the police station. Gurtowski became aware of Troung's subsequent harassment complaint on October 3, 2004, and arrested defendant thereafter.

The trial court ultimately found defendant guilty of harassment of a witness. Specifically, the trial court determined that the instant case was a "classic harassment of a witness," in that Troung was a witness in a pending legal proceeding against defendant and defendant directly communicated a "harassing and knowing threat" to Troung and Rivera. Following a hearing, defendant was sentenced, as a Class X offender, to an eight-year prison term. This timely appeal followed.

Defendant first contends that the witness harassment statute is unconstitutionally overbroad and vague on its face. Specifically, defendant argues that the statute is overbroad because "it criminalizes a substantial amount of expression protected by the First Amendment"

1-05-3288

and is vague because it provides "an incomprehensible standard of conduct" and "authorizes arbitrary enforcement." The State responds that the statute is neither overbroad nor vague and is thus constitutional.

We review constitutional challenges to a statute *de novo*. People v. Greco, 204 Ill. 2d 400, 407 (2003). All statutes are presumptively constitutional, and the party challenging the validity of a statute bears the burden of rebutting that presumption by proving a clear constitutional violation. Greco, 204 Ill. 2d at 406. On review, where reasonably possible, a statute must be construed to uphold its validity and constitutionality. Greco, 204 Ill. 2d at 406.

The witness harassment statute, section 32-4a(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/32-4a(a) (West 2004)), posits:

"A person who, with intent to harass or annoy one who has served or is serving *** (1) as a juror because of the verdict returned by the jury in a pending legal proceeding *** or (2) as a witness, or who may be expected to serve as a witness in a pending legal proceeding, *** because of the testimony or potential testimony of the witness ***, communicates directly or indirectly with the juror, witness or person who may be expected *** to serve as a witness *** in such manner as to produce mental anguish or emotional distress or who conveys a threat of injury or damage to the property or person of any juror, witness or person who may be expected *** to serve as a witness *** commits a Class 2 felony."

Defendant initially argues that the witness harassment statute is overbroad because it criminalizes constitutionally protected speech. "The doctrine of overbreadth is designed to

protect first amendment freedom of expression from laws written so broadly that the fear of punishment might discourage people from taking advantage of the freedom." People v. Bailey, 167 Ill. 2d 210, 226 (1995). The doctrine is used sparingly; therefore, to result in a statute's invalidation, the overbreadth must be real and substantial. Bailey, 167 Ill. 2d at 226.

Keeping the presumption of constitutionality in mind, we determine that the statute at issue does not overbroadly sweep protected speech within its purview. The Fifth District agreed in People v. Calvert, 258 Ill. App. 3d 504, 512-13 (1994), when it expressly upheld the constitutionality of section 32-4a(a). To the extent that the instant case is distinguishable, we separately find that the statute is constitutional. The statute protects jurors and witnesses involved in legal proceedings from individuals who, with the specific intent to harass or annoy, engage in a communication that causes either mental anguish or emotional distress or conveys a threat. See 720 ILCS 5/32-4a(a) (West 2004). Although communication is an element of the statute, our supreme court was particularly instructive in People v. Williams, 133 Ill. 2d 449, 456 (1990), in announcing that "[a]ctivities which the State may otherwise validly proscribe are not drawn within the protection of the first amendment merely by virtue of the fact that some or all of their elements are verbal in nature."

Defendant's hypothetical scenarios, *i.e.*, an attorney engaging in cross-examination or a reporter asking "tough" questions, are not reasonable demonstrations of constitutionally protected conduct punishable by the statute. See Calvert, 258 Ill. App. 3d at 511. The punishable behavior is narrowed by the elements of the witness harassment statute, such that the specific intent element must be satisfied; the communication must have been directed at a juror because of his

verdict or a witness because of his testimony; and it must have caused either mental anguish or emotional distress or conveyed a threat. See 720 ILCS 5/32-4a(a) (West 2004). However, if such unreasonable charges were brought against an individual engaging in protected speech, as hypothesized by defendant, the situation could be remedied on a case-by-case basis with a limiting instruction. See New York v. Ferber, 458 U.S. 747, 773-74, 73 L. Ed. 2d 1113, 1133, 102 S. Ct. 3348, 3363 (1982). Moreover, although in People v. Klick, 66 Ill. 2d 269, 273-75 (1977), the supreme court struck as overbroad a statute criminalizing *any* phone call made with the intent to annoy, the concern there was that, as written, the statute "could apply to conduct other than that which might provoke a breach of the peace." No such fear exists hear because the statute clearly targets behavior which breaches the peace of individuals helping to serve our courts. Accordingly, we do not find that the statute at issue is so overbroad that fear of punishment might discourage people from taking advantage of their first amendment rights. See Bailey, 167 Ill. 2d at 226.

Defendant additionally argues that the statute is unconstitutionally vague on its face. "[A] statute is void for vagueness if it reaches a substantial amount of constitutionally protected conduct." City of Chicago v. Pooh Bah Enterprises, Inc., 224 Ill. 2d 390, 442 (2006). To prevail on a vagueness challenge, the challenger must demonstrate that: (1) a person of ordinary intelligence would not have a reasonable opportunity to understand what conduct the statute prohibits; or (2) the statute authorizes or encourages arbitrary enforcement. Hill v. Colorado, 530 U.S. 703, 732, 147 L. Ed. 2d 597, 621, 120 S. Ct. 2480, 2498 (2000).

In the instant case, defendant failed to demonstrate that the witness harassment statute is

vague. Primarily, because the analyses for facial overbreadth and vagueness challenges are akin and we previously determined in his overbreadth challenge that defendant failed to demonstrate that the statute punished a substantial amount of protected speech, defendant also cannot present a successful vagueness argument. See Pooh Bah Enterprises, Inc., 224 Ill. 2d at 442-43.

Nevertheless, we further find that defendant cannot demonstrate that the witness harassment statute fails to provide citizens with adequate notice or leads to arbitrary enforcement. Specifically, we are not persuaded by defendant's assertion that citizens are not apprised of the proscribed conduct and arbitrary enforcement results where the legislature did not precisely define "mental anguish" or "emotional distress." See 720 ILCS 5/32-4a(a) (West 2004). We find this case distinguishable from Coates v. City of Cincinnati, 402 U.S. 611, 29 L. Ed. 2d 214, 91 S. Ct. 1686 (1971), the case relied upon by defendant. In Coates, the Supreme Court determined that a statute criminalizing situations where three or more people annoyed any police officer or passerby while standing on a sidewalk or street corner was unconstitutionally vague because the proscribed conduct, annoying an officer or passerby, without more amounted to "no standard of conduct *** specified at all." Coates, 402 U.S. at 614, 29 L. Ed. 2d at 217, 91 S. Ct. at 1688. On the contrary, the scope of punishable conduct under the instant statute is limited to a specific group, jurors or witnesses, and is further limited by the individual's specified intent to harass or annoy when communicating so as to inflict mental anguish or emotional distress or to convey a threat. Although the legislature chose to frame the prohibited result of causing mental anguish or emotional distress or conveying a threat in general terms, it is well settled that " '[i]mpossible standards of specificity *** are not required.' " People v. Parkins, 77

Ill. 2d 253, 256 (1979), quoting People v. Schwartz, 64 Ill. 2d 275, 280 (1976); see also Calvert, 258 Ill. App. 3d at 512 ("[t]he conduct prohibited is couched in language which is as precise as possible, albeit lacking mathematical precision"). Consequently, we determine that application of the ordinary and popular meaning of the statutory language and recognition of the evil the statute intends to protect, *i.e.*, protecting witnesses and jurors from being hassled because of their assistance with daily courtroom proceedings, provides adequate notice of prohibited conduct and prevents arbitrary enforcement. See Parkins, 77 Ill. 2d at 257. We, therefore, conclude that the witness harassment statute is not unconstitutionally vague on its face.

Defendant next contends that the State failed to prove him guilty of witness harassment beyond a reasonable doubt, where no evidence was advanced which demonstrated that defendant's "threatening words actually created a threat sufficient to harass the witness." Instead, defendant argues that the evidence merely supported a conviction for the alleged lesser included offense of communicating with a witness. The State responds that the evidence was sufficient to support defendant's conviction.

When reviewing the sufficiency of the evidence, this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). It is not this court's function to retry the defendant or substitute our judgment for that of the trier of fact. People v. Evans, 209 Ill. 2d 194, 211 (2004). Rather, the trier of fact assesses the credibility of the witnesses, determines the appropriate weight of the testimony and resolves

conflicts or inconsistencies in the evidence. Evans, 209 Ill. 2d at 211. In order to overturn the trial court's judgment, the evidence must be "so unsatisfactory, improbable or implausible" to raise a reasonable doubt as to the defendant's guilt. People v. Slim, 127 Ill. 2d 302, 307 (1989).

Viewing the evidence in a light most favorable to the State, we find that the State satisfied its burden. The evidence demonstrated that defendant returned to the exact location which had resulted in his arrest the prior day. Defendant found the complainant and the other individual that witnessed the alleged attempted theft, and, while walking approximately 20 to 25 feet away, shouted threats at them. Defendant knew the names of both men and referenced the fact that Troung had filed a complaint against him. Defendant threatened the men's lives, while stating that he knew when both men arrived and left work. We believe that this conduct is exactly what the legislature intended to protect against when enacting the witness harassment statute. We, therefore, decline defendant's request to reduce his conviction to the offense of communicating with a witness. *Cf.* 720 ILCS 5/32-4(b) (West 2004).

Defendant argues that the State failed to satisfy its burden because no evidence was presented demonstrating an actual threat beyond his words alone or that Troung or Rivera actually perceived a treat. We note that nothing in the statute requires the defendant to accompany the threat with physical violence. People v. Berg, 224 Ill. App. 3d 859, 865 (1991). Moreover, a "single threatening statement" may support a conviction when the surrounding circumstances indicate that the threatening party is likely to carry out the threat. Berg, 224 Ill. App. 3d at 865. We conclude that the evidence sufficiently demonstrated that defendant approached Troung and Rivera, potential witnesses in a future legal proceeding, with the intent to

harass them and threatened their lives. It may reasonably be inferred that defendant returned to Troung's place of business solely to execute his threat and he supported his noninnocuous threat to kill Troung and Rivera by acknowledging when the men arrived and left the building so that he could carry out the threat. See Calvert, 258 Ill. App. 3d at 508-10 (intent may be inferred from the surrounding circumstances). Accordingly, the evidence in the instant case was not "so unsatisfactory, improbable or implausible" to raise a reasonable doubt as to the defendant's guilt. Slim, 127 Ill. 2d at 307.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

KARNEZIS, J., and CUNNINGHAM, J., concur.