(No. 88887

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. JERRY S. IZZO, Appellee.

*Opinion filed February 16, 2001.*

GARMAN, J., took no part.

James E. Ryan, Attorney General, of Springfield, and Joseph E. Birkett, State's Attorney, of Wheaton (Joel D. Bertocchi, Solicitor General, and William L. Browers and Mary Beth Burns, Assistant Attorneys General, of Chicago, of counsel), for the People.

George P. Lynch, of Lisle, for appellee.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

Jerry Izzo, an 18-year-old high school student, was charged by complaint with violating section 21—6 of the Criminal Code of 1961 (720 ILCS 5/21—6 (West 1998)), which prohibits the unauthorized possession or storage

of weapons on public property. The charge was filed after Izzo was found carrying "a folding silver & black Smith & Wesson S.W.A.T. [Special Weapons Assault Team] knife with a blade in excess of 3 inches" while at school. Izzo moved to dismiss the complaint pursuant to section 114—1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—1 (West 1998)) on the grounds that section 21—6 is unconstitutional. The circuit court of Du Page County granted that motion. The State took a direct appeal to our court. 134 Ill. 2d R. 302(a). We now reverse and remand for further proceedings.

Section 21—6 of the Criminal Code states:

"(a) Whoever possesses or stores any weapon enumerated in Section 33A—1 [of the Criminal Code of 1961 (720 ILCS 5/33A—1 (West 1998))] in any building or on land supported in whole or in part with public funds or in any building on such land without prior written permission from the chief security officer for such land or building commits a Class A misdemeanor.

(b) The chief security officer must grant any reasonable request for permission under paragraph (a)." 720 ILCS 5/21—6 (West 1998).

A S.W.A.T. knife of the type found in Izzo's possession is among the weapons enumerated in section 33A—1 of the Criminal Code of 1961 (720 ILCS 5/33A—1 (West 1998)). The public school where Izzo was carrying the knife is a building or land "supported in whole or in part with public funds" as those terms are used in section 21—6 (720 ILCS 5/21—6 (West 1998)). If Izzo wanted to possess or store the knife on school property, he was therefore required by the express terms of the statute to obtain advance written permission to do so.

Izzo did not seek permission to possess the knife at school, and no such permission was granted to him. Izzo nevertheless contends that he cannot be prosecuted for violation of the law because the law is unconstitutional. Specifically, Izzo asserts that the law is vague and indefinite in violation of the due process provisions of the fifth

and fourteenth amendments to the United States Constitution (U.S. Const., amends. V, XIV) and article I, section 2, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 2) because it does not adequately define who qualifies as a "chief security officer." Second, he asserts that the law violates separation of powers principles under article II, section 1, of the Illinois Constitution (Ill. Const. 1970, art. II, § 1) because it allows someone other than the State's Attorney to bring, modify or nol-pros criminal charges.

In addressing Izzo's due process argument, we begin with the familiar proposition that all statutes are presumed to be constitutional. *People v. Bales*, 108 Ill. 2d 182, 188 (1985). Although the language challenged in this case is similar to language employed in the Illinois Public Demonstrations Law struck down by our court in *People v. Bossie*, 108 Ill. 2d 236 (1985), the statute at issue here is different. Unlike the Illinois Public Demonstrations Law, section 21—6 of the Criminal Code is not alleged to trench on rights protected by the first amendment to the United States Constitution.

Where, as here, a statute does not affect first amendment rights, it will not be declared unconstitutionally vague on its face unless it is incapable of any valid application (*People v. Wawczak*, 109 Ill. 2d 244, 249 (1985)), that is, unless no set of circumstances exists under which the act would be valid (*In re C.E.*, 161 Ill. 2d 200, 210-11 (1994)). This is not such a case. Situations where one can readily identify a public facility's "chief security officer" are not difficult to imagine. County jails and this court's own building are two ready examples.

Because section 21—6 of the Criminal Code does not involve first amendment rights and because there are circumstances in which section 21—6 of the Criminal Code may be validly applied, the determination as to whether the statute is constitutionally infirm must be

made in the factual context of this particular case. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 442 (1998). If Izzo's own conduct clearly falls within the statute's proscriptions, prosecuting him for violating the law does not offend due process protections even though the statute might be vague as to other conduct in other circumstances. *People v. Anderson*, 148 Ill. 2d 15, 28 (1992). Izzo cannot escape the law's reach by arguing that the statute might be vague as applied to someone else. See *People v. Jihan*, 127 Ill. 2d 379, 385-86 (1989).

Where, as here, the challenged statute does not impinge on first amendment rights, due process is satisfied if: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions. *People v. Falbe*, 189 Ill. 2d 635, 639-40 (2000).

The second of these considerations is not at issue in this case. No claim is made that the absence of a more detailed definition of "chief security officer" has resulted in arbitrary and discriminatory enforcement and application by police officers, judges or juries. Izzo's due process challenge is premised solely on the notion that persons of ordinary intelligence cannot be sure in any given situation whom they must contact for authorization if they want to possess weapons on public property.

In support of his position, Izzo advances hypotheticals in which application of the law's requirements might be problematic. Our court has held, however, that a statute is not unconstitutionally vague merely because one can imagine hypothetical situations in which the meaning of some terms might be called into question. *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis*

*School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 425 (1997). As we have previously indicated, the validity of the law must be judged in light of the particular facts at hand.

Nothing in the record here suggests that the scenarios proposed by defendant are present in the case now before us. Unlike the situation in *People v. Bossie*, 108 Ill. 2d 236 (1985), this case does not involve multiple jurisdictions or multiple layers of governmental authority. The events giving rise to Izzo's prosecution occurred at a single place, a school, with a fixed and easily ascertainable chain of authority.

It is true that none of the administrators or employees at the school bore the specific title "chief security officer." Any person of ordinary intelligence would understand, however, that the "chief security officer" was whoever had responsibility for overseeing security issues at the school. The particular title of that person will vary from institution to institution, and enumeration of every different title or position would be impractical. In such circumstances, the legislature may reasonably employ language sufficiently broad to encompass the varying circumstances without offending due process. See *People v. Secor*, 279 Ill. App. 3d 389, 396 (1996). Due process does not mandate absolute standards or mathematical precision. Although it does require that a regulation not be vague, indefinite or uncertain, it does not require that a regulation be more specific than is possible under the circumstances. See *Granite City Division of National Steel Co. v. Pollution Control Board*, 221 Ill. App. 3d 68, 75 (1991), *aff'd*, 155 Ill. 2d 149 (1993).

If anyone was confused as to who served as "chief security officer" at Izzo's school, they could simply have gone into the school office and asked. Significantly, however, there is no evidence in the record that anyone was, in fact, confused. There is no indication of any kind

that any person had any doubt as to the meaning of section 21—6's provisions in the context of this specific dispute.

Izzo himself claims no such uncertainty. For him, the law's supposed vagueness was irrelevant. He was not confused by the statute's wording. The reason he did not seek advance written authorization before bringing his S.W.A.T. knife to school had nothing to do with not knowing whom, in particular, he was supposed to ask. The reason he did not seek advance written authorization was because, he claims, he did not know that the law required him to do so. Indeed, one of his alternative arguments for dismissal in the circuit court was that the statute was never published at the school and school students were never notified that they were required to seek written permission in order to carry knives of the type he was carrying.

That Izzo himself may not have had actual knowledge of section 21—6's authorization requirement does not render the law impermissibly vague or bar its enforcement against him. A principle deeply embedded in our system of jurisprudence is that one's ignorance of the law does not excuse unlawful conduct. *People v. Sevilla*, 132 Ill. 2d 113, 127 (1989). Izzo does not cite any provision of the Criminal Code or any case law that would require or even suggest an exception to this principle under the facts of this case.

There is likewise no merit to Izzo's separation of powers claim. As indicated earlier in this opinion, Izzo asserts that section 21—6 violates separation of powers principles because it permits someone other than the State's Attorney to bring, modify or nol-pros criminal charges. There are two problems with this argument. First, it misapprehends the effect of the law. Although the statute gives "chief security officers" power to grant individuals permission to possess or store weapons on

public property, it does not give or purport to give such officers the authority to determine if or when individuals should be prosecuted for failing to obtain such permission. That power continues to reside with the local State's Attorney.

Similarly, section 21—6 does not confer on chief security officers the power to sanction the possession or storage of weapons which is otherwise illegal. If a chief security officer gives an individual permission to possess or store weapons on public property and it turns out that such possession or storage contravenes some other provision of the law, the offending individual can still be prosecuted for violation of that other provision. The only effect of allowing advance written permission is that the individual cannot also be convicted of violating section 21—6. Such a result involves no usurpation of the State's Attorney's authority. The reason a conviction cannot be secured under section 21—6 is simply that the conditions of that statute will have been satisfied, *i.e.*, there is no violation.

A second, and equally fundamental, flaw in Izzo's separation of powers argument is that it misapprehends the separation of powers doctrine. Under Illinois law, the principle of separation of powers is contained in article II, section 1, of the Illinois Constitution of 1970, which provides that the legislative, executive and judicial branches of government are separate and that "[n]o branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, § 1. The purpose of this doctrine is to insure that each of the three branches of government retains its own sphere of authority, free from undue encroachment by the other branches. *Murneigh v. Gainer*, 177 Ill. 2d 287, 302 (1997).

The doctrine comes into play when one branch seeks to exert a substantial power belonging to another. *People v. O'Donnell*, 116 Ill. 2d 517, 527 (1987). No such

encroachment is present here. Even if section 21—6 could be construed as shifting part of the State's Attorney's prosecutorial power to another set of government officials, which it cannot, such a shift is not inherently improper. The powers and duties of State's Attorneys are defined by statute (55 ILCS 5/3—9005 (West 1998)) and can be revised by statute. Although a separation of powers problem would arise if such a revision had the effect of transferring prosecutorial power to the judiciary or to the legislature itself, no possible claim can be made that section 21—6 has such an effect.

For the foregoing reasons, the circuit court should not have dismissed the complaint against Izzo on the grounds that section 21—6 is unconstitutional. The judgment of the circuit court dismissing the complaint against Izzo is therefore reversed, and this cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*

JUSTICE GARMAN took no part in the consideration or decision of this case.