NO. 4-01-1039

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellant,

v.

MARK D. JOHNSON,

Defendant-Appellee.

)

)

)

)

)

)))

Appeal from

Circuit Court of

McLean County

No. 01CF711

Honorable

Harold J. Frobish,

Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

In June 2001, a grand jury indicted defendant, Mark D. Johnson, an Illinois attorney, on four counts of bribery (720 ILCS 5/33-1(a) (West 2000)).  In November 2001, the trial court granted defendant's motion to dismiss the indictment.  The State appeals, arguing the trial court erred in concluding the bribery statute is unconstitutional as applied to defendant.  We reverse and remand.

I. BACKGROUND

Count I of the indictment alleges that on or about February 14, 2001, through March 31, 2001, defendant committed the offense of bribery:

"in that he knowingly and with the intent to influence the performance of an act related to the employment or function of a public employee, specifically, deputy circuit clerk Tina Benedetto, the defendant tendered to Tina Benedetto $150.00 in United States currency, which she was not authorized by law to accept, to provide him with bond forms of those individuals arrested for the offense of driving under the influence, and other traffic offenses."

The remaining counts of the indictment were similar, except that the time periods differed and the amounts allegedly tendered were $200.

In October 2001, defendant filed a motion to dismiss the indictment.  In a supporting memorandum, defendant stated that he approached Benedetto, a full-time employee in the traffic division of the McLean County circuit clerk's office, to hire her to provide him with copies of bond sheets containing the names and addresses of those charged with driving under the influence.  Defendant argued that prosecution would deprive him of due process because the bribery statute is so vague as applied in this case that he had no way of knowing at the time of his conduct that it was illegal.

In November 2001, the trial court held a hearing on defendant's motion.  Defense counsel argued that the bond forms were public information, and the assistant State's Attorney responded that the information that defendant obtained was not readily accessible without specific identifying information until a case number is assigned.  The trial court determined that the bribery statute contemplated the public official's action being more than a ministerial act to which defendant was already entitled, 
i.e.
, providing information from bond sheets.  The trial court dismissed the indictment.  This appeal followed.

II. ANALYSIS

A. Vagueness

The State argues that the trial court erred in dismissing the indictment after concluding the bribery statute is unconstitutional as applied to defendant
.  We review this issue 
de
 
novo
.  
People v. Blaylock
, 311 Ill. App. 3d 399, 404, 723 N.E.2d 1233, 1236 (2000).

Where, as here, a statute challenged as void-for-vagueness does not impinge on first amendment rights, "due process is satisfied if *** the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited."
  
People v. Izzo
, 195 Ill. 2d 109, 113, 745 N.E.2d 548, 551 (2001).  
The validity of the law must be judged in light of the particular facts at hand and not hypothetical situations.
  
Izzo
, 195 Ill. 2d at 112-13, 745 N.E.2d at 551.

The bribery statute is not unconstitutionally vague as applied to the facts of this case because 
defendant received adequate notice of the statute's proscription.  The statute plainly prohibits the tender of property to 
any
 public employee who is not authorized to accept it, with intent to influence the performance of 
any
 act related to his or her employment or function, regardless of the amount of discretion
 vested in the employee.

"With intent to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness, he promises or tenders to that person any property or personal advantage which he is not authorized by law to accept."  720 ILCS 5/33-1(a) (West 2000)
.

The trial court erred in dismissing the indictment on vagueness grounds.

B. Official Duty

As a ground for affirming the trial court's dismissal of the indictment, defendant contends he did not influence the performance of any act related to the employment or function of a public employee because (1) no legal duty or official act was presently before the public employee and (2) defendant sought to obtain only public information to which he was already entitled.  We disagree.

The indictment 
did allege an intent to influence the performance of an act related to the function of a deputy circuit clerk, 
i.e.
, providing copies of court records.  The reproduction service performed by a circuit clerk's office is tangential to its duty to maintain the court's records.  
Lee v. Pucinski
, 267 Ill. App. 3d 489, 494, 642 N.E.2d 769, 773 (1994).
  Although the bond sheets were public records subject to free access for inspection (705 ILCS 105/16(6) (West 2000)), defendant was not entitled to reproduction without paying a fee for that service.  705 ILCS 105/27.1(q), 27.1a(k)(5), 27.2(k)(5), 27.2a(k)(5) (West 2000) (effective until June 1, 2002).  The indictment alleges bribery even if defendant paid Benedetto 
to perform a duty that defendant was legally entitled to have performed.  See
 
In re Fleischman
, 135 Ill. 2d 488, 496, 553 N.E.2d 352, 355 (1990).

C. Corrupt Intent

Defendant next claims that he did not have a corrupt intent, and he intended only to implement an economic way of obtaining public information.  However, in 
People v. Bergbreiter
, 97 Ill. App. 2d 429, 432-33, 240 N.E.2d 230, 231-32 (1968), the appellate court rejected the defendant's argument that a bribery indictment was insufficient because it failed to allege a corrupt intent, which was an element under the pre-1961 version of the bribery statute (1959 Ill. Rev. Stat., ch. 38, pars. 78-81).

The present indictment is sufficient because it charges the offense of bribery in the words of the current statute (720 ILCS 5/33-1(a) (West 2000)), which particularizes the offense 
and does not require a "corrupt" intent.  See 
People v. Carroll
, 258 Ill. App. 3d 371, 376, 630 N.E.2d 1337, 1340 (1994) (an indictment that charges an offense in the language of the statute is sufficient, if the words of the statute particularize the offense so that an accused is apprised, with reasonable certainty, of the precise offense
).

D. Not Authorized To Accept

Defendant finally asserts that Benedetto was not forbidden by law from accepting outside employment.  However, McLean County ordinance code section 10.73 provides, in relevant part:

"No employee of the [c]ounty shall directly or indirectly receive or agree to receive any compensation, gift, reward[,] or gratuity from any source except McLean County, for any matter or proceeding connected with or related to the duties of such employees."
  McLean County Code §10.73 (2001).

Therefore, Benedetto was not authorized to accept compensation from defendant for any matter related to her duties as deputy circuit clerk, including providing copies of court records
.  Defendant's knowledge of this prohibition is not an element of the offense of bribery, and it need not be alleged in the indictment.  See 
People v. Brandstetter
, 103 Ill. App. 3d 259, 267-68, 430 N.E.2d 731, 737-38 (1982).

 
 
 
 III. CONCLUSION

For the reasons stated, we reverse the trial court’s judgment and remand for further proceedings.

Reversed and remanded.

TURNER and APPLETON, JJ., concur.