(No. 93389.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JASON A. LAW, Appellee.

*Opinion filed December 5, 2002.*

James E. Ryan, Attorney General, of Springfield, and Gary L. Spencer, State's Attorney, of Morrison (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lionel W. Weaver, Assistant Attorneys General, of Chicago, of counsel), for the People.

James W. Mertes, of Pignatelli, Liston & Mertes, P.C., of Rock Falls, for appellee.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

In June 2001 defendant, Jason A. Law, was charged with violating section 6—16(c) of the Liquor Control Act of 1934 (the Act) (235 ILCS 5/6—16(c) (West 2000)). Defendant filed a motion to dismiss the case and have the statute declared unconstitutional. Following a hearing, the circuit court of Whiteside County granted the motion, declaring section 6—16(c) unconstitutionally vague and dismissing the information. The State appealed directly to this court. 134 Ill. 2d R. 603; 188 Ill. 2d R. 604(a)(1). For the reasons set forth below, we affirm the judgment of the circuit court.

## BACKGROUND

The factual background of this case is limited. Defendant's motion to dismiss raised only issues of law, not fact, and no evidence was presented by either side during the hearing.

In February 2001 the State filed a criminal complaint against defendant charging him with the offense of "Resident Allowing Person/s Under 21 to Leave Residence after Consuming Alcohol," in violation of section 6—16(c) of the Act. Section 6—16(c) provides in pertinent part:

"Any person shall be guilty of a Class A misdemeanor where he or she knowingly permits a gathering at a residence which he or she occupies of two or more persons where any one or more of the persons is under 21 years of age and the following factors also apply:

(1) the person occupying the residence knows that any such person under the age of 21 is in possession of or is consuming any alcoholic beverage; and

(2) the possession or consumption of the alcohol by the person under 21 is not otherwise permitted by this Act; and

(3) the person occupying the residence knows that the person under the age of 21 leaves the residence in

an intoxicated condition." 235 ILCS 5/6—16(c) (West 2000).

The complaint alleged that on or about January 30, 2001, defendant "knowingly permitted" his residence "to be used for a gathering and knew that an invitee, Brock L. Boss[,] was under the age of 21 and the invitee was consuming alcohol while at his residence." The complaint added: "[D]efendant then allowed Brock Boss and others to leave the residence after consuming alcohol."

Defendant filed a motion to dismiss. In his motion, defendant alleged, *inter alia*, that section 6—16(c) was unconstitutional because it "purport[ed] to require the Defendant to commit the offense of Unlawful Restraint in order to avoid criminal responsibility for such violation of the Liquor Control Act."

The State voluntarily dismissed the complaint and subsequently filed an amended information. While the amended information more closely tracked the language of section 6—16(c), it did not address defendant's unlawful-restraint objection. The information stated:

"[O]n or about the 30th day of January, 2001, [defendant] committed the offense of LIQUOR TO MINOR/PRIV RESIDENCE in that said defendant knowingly permitted his residence *** to be used as a gathering of two or more persons with knowledge that an invitee, Brock Boss, was under the age of 21, and that said invitee was consuming alcohol not otherwise permitted by [the Act], while at his residence. Said Defendant knew that Brock Boss left the residence in an intoxicated condition, in violation of [section 6—16(c) of the Act]."

Defendant moved to dismiss the information and declare the statute unconstitutional. Following a hearing, the circuit court granted the motion. In a written opinion and order, the court stated:

"Although this statute appears to be intended to prevent a person from providing a place for underage drinking in which the minor subsequently leaves the residence in an

intoxicated state, its language fails to give fair notice as to what type of conduct is prohibited. Clearly, it is illegal for a minor to possess or consume alcohol, but it is likewise illegal to unlawfully restrain an individual. Yet, if a minor consumes alcohol at the residence of a Defendant, this statute requires the Defendant to commit a criminal offense (Unlawful Restraint) in order not to violate this statute. Therefore, the statute is vague."

The circuit court declared section 6—16(c) unconstitutional and dismissed the information. Because the statute was declared unconstitutional, the State appealed directly to this court. 134 Ill. 2d R. 603.

## ANALYSIS

This court reviews *de novo* a circuit court's determination regarding the constitutionality of a statute. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 441 (1998). Statutes are presumed constitutional, and a party challenging the constitutionality of a statute has the burden of establishing its invalidity. *Russell*, 183 Ill. 2d at 441; *People v. Wright*, 194 Ill. 2d 1, 24 (2000).

The question before us is whether section 6—16(c) is unconstitutionally vague. A criminal law may be declared unconstitutionally vague for either of two independent reasons. First, the statute may fail to provide the kind of notice that would enable a person of ordinary intelligence to understand what conduct is prohibited. *City of Chicago v. Morales*, 527 U.S. 41, 56, 144 L. Ed. 2d 67, 80, 119 S. Ct. 1849, 1859 (1999); see *People v. Izzo*, 195 Ill. 2d 109, 113 (2001); *People v. Warren*, 173 Ill. 2d 348, 356 (1996); see also *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294, 2298-99 (1972) (due process requires that a statute "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly"). Second, a statute may be declared unconstitutionally vague if it fails to provide explicit standards for those who apply it, thus authorizing or even encouraging

arbitrary and discriminatory enforcement. *Morales*, 527 U.S. at 56, 144 L. Ed. 2d at 80, 119 S. Ct. at 1859; see *Grayned*, 408 U.S. at 108-09, 33 L. Ed. 2d at 227-28, 92 S. Ct. at 2299; *Izzo*, 195 Ill. 2d at 113; *Warren*, 173 Ill. 2d at 356.

In determining whether section 6—16(c) provides proper notice of the conduct that is prohibited, we apply a somewhat modified approach. In most criminal statutes, the *actus reus*, or wrongful deed, refers to an affirmative act. See 1 W. LaFave & A. Scott, Substantive Criminal Law § 1.2, at 10; § 3.3, at 282-83 (1986). The emphasis in such statutes is on conduct that is prohibited, *i.e.*, the guilty act. However, where a criminal statute imposes an affirmative duty upon an individual to take action, the *actus reus* refers to a *failure* to act. See 1 W. LaFave & A. Scott, Substantive Criminal Law § 1.2, at 10; § 3.3, at 282-83 (1986). The focus in such statutes is on conduct that is *required* of the individual, rather than on conduct which is prohibited.

In the case at bar, the State concedes that section 6—16(c) "imposes a statutory duty to prevent an intoxicated minor from leaving a social gathering." To avoid prosecution under section 6—16(c), the occupant must take affirmative steps to prevent an intoxicated minor from departing. Thus, in determining whether section 6—16(c) is unconstitutionally vague, the proper inquiry is whether the statute gives fair warning as to what conduct is *required* of the occupant to prevent an intoxicated minor from departing.

The difficulty with section 6—16(c) is that it provides no guidance as to the steps that are to be taken to prevent an intoxicated minor from leaving the gathering. Section 6—16(c) attempts to impose an affirmative duty, but is silent as to the scope of this duty. The result is that the residential occupant is left to speculate as to what course he should take to avoid violating the statute.

For example, would it be sufficient if the occupant merely called the police, or the minor's parents? If the parents were called, could the occupant release the intoxicated minor to the parents and still comply with section 6—16(c)? On the other hand, might it be sufficient for the occupant to simply warn the minor not to leave? If the minor left the premises despite the warning, would the occupant then be in violation of section 6—16(c)?

It might appear that the most obvious means of satisfying section 6—16(c) would be simply to detain any intoxicated minor who was about to leave the gathering. However, this option is problematic. Section 10—3 of the Criminal Code of 1961 provides: "A person commits the offense of unlawful restraint when he knowingly without legal authority detains another." 720 ILCS 5/10—3(a) (West 2000). Thus, as the circuit court below noted, a residential occupant who physically detained an intoxicated minor could be criminally culpable for unlawful restraint, which is a Class 4 felony. This could pose a difficult choice for an occupant attempting to avoid prosecution under section 6—16(c): either comply with the statute and commit a felony, or do nothing and commit a misdemeanor.

The State argues that section 6—16(c) "does not force a person to commit the offense of unlawful restraint." According to the State, section 6—16(c) itself "effectively provides a grant of 'legal authority' to detain an intoxicated minor." This argument lacks merit. As noted, section 6—16(c) provides absolutely no guidance as to the steps a residential occupant should take to prevent an intoxicated minor from leaving a social gathering. In this situation, we cannot conclude that this same statute provides "legal authority" for one particular step that is itself criminalized by another statute.

We hold that section 6—16(c) fails to provide the kind of notice that would enable an ordinary person to

understand what he must do to avoid prosecution under the statute. See *Morales*, 527 U.S. at 56, 144 L. Ed. 2d at 80, 119 S. Ct. at 1859; *Izzo*, 195 Ill. 2d at 113; *Warren*, 173 Ill. 2d at 356. Accordingly, section 6—16(c) is unconstitutionally vague.

We note that, of necessity, section 6—16(c) is unconstitutionally vague on its face and not simply as applied to this case. In order to be facially invalid, a statute must be impermissibly vague in all of its applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497, 71 L. Ed. 2d 362, 371, 102 S. Ct. 1186, 1193 (1982); *Izzo*, 195 Ill. 2d at 112. We have determined that section 6—16(c) leaves the scope of the action required of the occupant completely undefined. As noted, it is uncertain whether the most obvious means of complying with the statute—the detention of the minor—falls within this scope. A residential occupant who detains an intoxicated minor faces potential criminal liability for unlawful restraint. This dilemma illustrates the broad uncertainty that exists with regard to the scope of the duty in question. *Any* person of common intelligence is forced to speculate as to the meaning of this statute. See *Morales*, 527 U.S. at 58, 144 L. Ed. 2d at 81, 119 S. Ct. at 1860. Accordingly, there is no set of circumstances under which section 6—16(c) would be valid. See *Izzo*, 195 Ill. 2d at 112.

## CONCLUSION

For the reasons set forth above, we hold that section 6—16(c) of the Liquor Control Act of 1934 (235 ILCS 5/6—16(c) (West 2000)) is unconstitutional on its face. The judgment of the circuit court is affirmed.

*Circuit court judgment affirmed.*