(Nos. 95942, 95943, 95944 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN T. EINODER *et al.*, Appellees.

*Opinion filed April 1, 2004.*

Lisa Madigan, Attorney General, of Springfield (Gary Feinerman, Solicitor General, and Linda Woloshin, Mark L. Josephson and Russell K. Benton, Assistant Attorneys General, of Chicago, of counsel), for the People.

Peter B. Carey, Diana R. Lamphiere and Leland E. Shalgos, of Chicago, for appellees.

JUSTICE KILBRIDE delivered the opinion of the court:

Defendants, John T. Einoder, Tri-State Industries, Inc., and J.T. Einoder, Inc., were charged, in three separate indictments, for criminal disposal of waste under section 44(p)(1)(A) of the Illinois Environmental Protection Act (Act) (415 ILCS 5/44(p)(1)(A) (West 2000)). The circuit court of Cook County granted

defendants' motion to dismiss each of the indictments, finding that section 44(p)(1)(A) is unconstitutionally vague. This is a direct appeal by the State in each case pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)). The cases have been consolidated on appeal. We reverse and remand.

## I. BACKGROUND

On February 19, 2002, defendants were charged in three separate indictments for the offense of criminal disposal of waste under section 44(p)(1)(A) of the Act (415 ILCS 5/44(p)(1)(A) (West 2000)). The indictments alleged that defendants committed criminal disposal of waste by knowingly conducting a waste-disposal operation and accepting for disposal more than 250 cubic feet of concrete containing protruding rebar, construction debris, demolition debris, and general refuse, without a permit as required by section 21(d) of the Act (415 ILCS 5/21(d) (West 2000)).

On May 30, 2002, the State filed a motion to expand defendant John Einoder's conditions of bond to comply with the Act. In its motion to expand the conditions of bond, the State alleged that the "general construction or demolition debris" brought to the site by defendant John Einoder is not managed in accordance with section 22.38(b) of the Act, governing "facilit[ies] accepting exclusively general construction or demolition debris for transfer, storage, or treatment." 415 ILCS 5/22.38(b) (West 2000). The State therefore alleged that defendant John Einoder is subject to the requirements of section 21(d) of the Act and is required to obtain an Illinois Environmental Protection Agency permit to conduct such activity.

In its motion to expand defendant John Einoder's conditions of bond, the State further alleged that he has allowed "clean construction or demolition debris" to be deposited on the site, above grade, and otherwise not

managed in accordance with the provisions of section 3.78a of the Act, without a permit.

Defendants filed a motion to dismiss the indictments arguing, *inter alia*, that the statute is unconstitutionally vague because the term "grade" is not defined in the Act. Defendants also argued that the term "waste" fails to define the criminal offense with sufficient definiteness that ordinary people can understand what is prohibited conduct.

The trial court granted defendants' motion to dismiss, holding that the statute is unconstitutionally vague on its face. The trial court reasoned:

> "As the Defendants correctly note in their motion to Dismiss, the term 'grade' is not defined in the Act. 'Grade' in its ordinary meaning has multiple meanings and can mean (1) the degree of rise or descent of a sloping surface, as a highway, railroad, etc.; such as a sloping part; (2) the ground level around a building; (3) to make (ground) level or slope (ground) evenly for a roadway, etc.; (4) to change gradually; go through a series of stages—at grade, on the same level or degree of rise. See *Webster's New World Dictionary*, Second College Edition, 'Grade.' "

Thus, the trial court determined that "[b]ecause the statute fails to provide any reference points to assist in interpreting how grade should be measured, this court interprets the term grade as an ambiguous or vague term."

The trial court further reasoned that:

> "The term 'waste' also fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Therefore, the statute fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."

The trial court concluded that:

> "Defendants have shown the statute to be vague in the

sense that no standard of conduct is specified at all, based on the terms 'waste' and 'grade.' Further, this court concludes that because Section 5/44(p)(1)(A) is a penal statute, it fails to adequately define the criminal offense in such a manner that does not encourage arbitrary and discriminatory enforcement. Therefore, based on these findings, this court grants the Defendants [*sic*] motion to dismiss and finds the section of the Act is unconstitutionally vague."

The State appealed each case directly to this court pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)). The cases were consolidated in this appeal.

## II. ANALYSIS

The State argues that the trial court erred in holding that section 44(p)(1)(A) is unconstitutionally vague on its face because the statute does not implicate first amendment rights and the trial court received no evidence to find vagueness as applied to defendants. We agree with the State.

A defendant can challenge a statute as unconstitutionally vague in two ways: (1) on the statute's face, or (2) as the statute is applied to defendant's actions. See *People v. Greco*, 204 Ill. 2d 400, 416 (2003). A defendant may not challenge the facial vagueness of a statute that does not implicate first amendment freedoms unless the statute "is incapable of *any* valid application." (Emphasis added.) *People v. Izzo*, 195 Ill. 2d 109, 112 (2001).

The relevant statute at issue, section 44(p)(1)(A) of the Act, states:

"(p) Criminal Disposal of Waste.

(1) A person commits the offense of Criminal Disposal of Waste when he or she:

(A) if required to have a permit under subsection (d) of Section 21 of this Act, knowingly conducts a waste-storage, waste-treatment, or waste-disposal operation in a quantity that exceeds 250 cubic feet of *waste* without a permit." (Emphasis added.) 415 ILCS 5/44(p)(1)(A) (West 2000).

The term "waste," as used in section 44(p)(1)(A), is defined in section 3.53 as:

"any garbage, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility or other discarded material, including solid, liquid, semi-solid, or contained gaseous material resulting from industrial, commercial, mining and agricultural operations, and from community activities ***." 415 ILCS 5/3.53 (West 2000).

Section 21(d), referred to in section 44(p)(1)(A) of the Act, provides that no person shall:

"[c]onduct any waste-storage, waste-treatment, or waste-disposal operation:

(1) without a permit granted by the Agency or in violation of any conditions imposed by such permit, *** provided, however, that, except for municipal solid waste landfill units that receive waste on or after October 9, 1993, no permit shall be required for *** (ii) a facility located in a county with a population over 700,000, operated and located in accordance with Section 22.38 of this Act, and used exclusively for the transfer, storage, or treatment of *general construction or demolition debris.*" (Emphasis added.) 415 ILCS 5/21(d)(1) (West 2000).

The term "general construction or demolition debris" as used in section 21(d)(1)(ii) is defined in section 3.78 of the Act as:

"non-hazardous, uncontaminated materials resulting from the construction, remodeling, repair, and demolition of utilities, structures, and roads ***.

General construction or demolition debris does not include uncontaminated soil generated during construction, remodeling, repair, and demolition of utilities, structures, and roads provided the uncontaminated soil is not commingled with any general construction or demolition debris or other *waste.*" (Emphasis added.) 415 ILCS 5/3.78 (West 2000).

The term "clean construction or demolition debris" is defined in section 3.78a of the Act as:

"uncontaminated broken concrete ***. Clean construc-

tion or demolition debris does not include uncontaminated soil generated during construction, remodeling, repair, and demolition of utilities, structures, and roads provided the uncontaminated soil is not commingled with any clean construction or demolition debris or other *waste*. To the extent allowed by federal law, clean construction or demolition debris shall not be considered *'waste'* if it is (i) used as fill material *below grade* outside of a setback zone \*\*\*, or (ii) separated or processed and returned to the economic mainstream in the form of raw materials or products, \*\*\* if used as a fill material, it is used in accordance with item (i), or (iii) solely broken concrete without protruding metal bars used for erosion control, or (iv) generated from the construction or demolition of a building, road, or other structure and used to construct \*\*\* an *above-grade* area shaped so as to blend into an extension of the surrounding topography or an *above-grade* manmade functional structure not to exceed 20 feet in height \*\*\*." (Emphases added.) 415 ILCS 5/3.78a (West 2000).

We review *de novo* a decision holding a statute unconstitutional. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 290 (2003). "Statutes are presumed to be constitutional, and the party challenging the validity of the statute has the burden to clearly establish the constitutional invalidity." *Cryns*, 203 Ill. 2d at 290. If reasonably possible, a court must construe a statute so as to affirm its constitutionality. *People v. Fuller*, 187 Ill. 2d 1, 10 (1999), quoting *People v. Shephard*, 152 Ill. 2d 489, 499 (1992).

Due process "requires that a statute 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.' " *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 442 (1998), quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294, 2298-99 (1972). In *Russell*, this court recognized the well-established rule that " ' "[v]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at

hand." ' " *Russell*, 183 Ill. 2d at 442, quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7, 71 L. Ed. 2d 362, 369 n.7, 102 S. Ct. 1186, 1191 n.7 (1982), quoting *United States v. Mazurie*, 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714 (1975). Moreover, "to prevent arbitrary and discriminatory enforcement," a statute must provide explicit standards for police officers, judges, and juries. *Russell*, 183 Ill. 2d at 442. A statute violates due process "on the basis of vagueness ' "only if its terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact rather than any objective criteria or facts." ' " *Cryns*, 203 Ill. 2d at 291, quoting *Stern v. Norwest Mortgage, Inc.*, 179 Ill. 2d 160, 168 (1997), quoting *People v. Burpo*, 164 Ill. 2d 261, 265-66 (1995).

"In order to succeed on a vagueness challenge to a statute that does not involve a first amendment right, a party must establish that the statute is vague *as applied to the conduct* for which the party is being prosecuted." (Emphasis added.) *Cryns*, 203 Ill. 2d at 291. A mere hypothetical involving a disputed meaning of some terms of a statute does not make the statute unconstitutionally vague. *Greco*, 204 Ill. 2d at 416. " 'The fact that the [statute] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid ***.' " *In re C.E.*, 161 Ill. 2d 200, 211 (1994), quoting *United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707, 107 S. Ct. 2095, 2100 (1987).

A statute that does not impact first amendment rights "will not be declared unconstitutionally vague on its face unless it is incapable of *any* valid application." (Emphasis added.) *Izzo*, 195 Ill. 2d at 112. A vagueness challenge against a statute that does not affect first amendment rights is examined "in light of the particular facts of the case." *Greco*, 204 Ill. 2d at 416. "When the

statute is examined in the light of the facts of the case and the statute clearly applies to the party's conduct, then a challenge to the statute's constitutionality based upon vagueness will be unsuccessful." *Cryns*, 203 Ill. 2d at 291-92.

In *Greco*, the defendant was charged under section 4—103.2 of the Illinois Vehicle Code (625 ILCS 5/4—103.2 (West 2000)) with possession of stolen special mobile equipment. The defendant moved to dismiss the indictment against him, contending that the definition of "special mobile equipment" contained in section 1—191 of the Vehicle Code (625 ILCS 5/1—191 (West 2000)) was unconstitutionally vague. Without making any factual findings, the circuit court determined that "special mobile equipment," as defined in section 1—191 of the Vehicle Code, was vague on its face and granted the defendant's motion to dismiss.

This court held that the defendant did not have standing to challenge the statute as vague on its face because the first amendment was not implicated. *Greco*, 204 Ill. 2d at 416. We were unable to determine whether the statute was unconstitutionally vague as applied to the defendant since there had been no fact-finding in the case. Accordingly, we remanded the cause to the circuit court for further factual development. *Greco*, 204 Ill. 2d at 416.

Similarly, in *In re R.C.*, 195 Ill. 2d 291 (2001), prospective adoptive parents sought permission to adopt a child without obtaining the natural mother's consent, alleging that, pursuant to section 1(D)(p) of the Adoption Act (750 ILCS 50/1(D)(p) (West 1998)), she was unfit and unable to discharge parental responsibilities due to mental impairment. The mother filed a motion to dismiss the complaint on the grounds that, among other things, section 1(D)(p) was unconstitutional. The circuit court held that the statute was unconstitutional on its face.

This court held that because the first amendment was not implicated, the mother could not contend that section 1(D)(p) was vague on its face if the statute clearly applied to her. *In re R.C.*, 195 Ill. 2d at 299. We were unable to determine whether the statute was unconstitutionally vague as applied to the mother when there had been no fact-finding in the case. *In re R.C.*, 195 Ill. 2d at 299. Accordingly, we held that it was inappropriate for the circuit court to declare the statute vague and that its determination that the statute was vague was premature. *In re R.C.*, 195 Ill. 2d at 299-300.

Here, as in *Greco* and *In re R.C.*, the statute involved does not implicate first amendment rights and defendants do not allege that the statute is incapable of any valid application. Thus, defendants had no standing to assert a facial vagueness challenge, and the trial court erred in finding section 44(p)(1)(A) unconstitutionally vague on that basis. Regardless of the State's assertion of the proper test for a facial vagueness challenge, the trial court's order did not discuss or acknowledge the first amendment facial vagueness standard, nor did it find the statute "incapable of any valid application" (see *In re R.C.*, 195 Ill. 2d at 299; *Izzo*, 195 Ill. 2d at 112).

> "In cases *** that do not involve first amendment freedoms, due process is satisfied if: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions." *Greco*, 204 Ill. 2d at 416.

Accord *Izzo*, 195 Ill. 2d at 113; *People v. Falbe*, 189 Ill. 2d 635, 640 (2000).

In *Izzo*, the defendant, a high school student, was charged with possessing a knife on school property without the permission of the chief security officer, in violation of section 21—6 of the Criminal Code of 1961

(Criminal Code) (720 ILCS 5/21—6 (West 1998)). The defendant filed a motion to dismiss the complaint, alleging that section 21—6 was unconstitutionally vague because it does not adequately define who qualifies as a "chief security officer." The trial court granted defendant's motion to dismiss, holding that the statute was unconstitutionally vague.

This court analyzed in *Izzo* whether section 21—6 of the Criminal Code was unconstitutionally vague as applied to the facts of the case. We recognized that if the defendant's "own conduct clearly [fell] within the statute's proscriptions," due process was not offended, "even though the statute might be vague as to other conduct in other circumstances." *Izzo*, 195 Ill. 2d at 113. In other words, the defendant "cannot escape the law's reach by arguing that the statute might be vague as applied to someone else." *Izzo*, 195 Ill. 2d at 113. Because the defendant claimed no uncertainty or confusion concerning the statute's wording, we held that the statute's "supposed vagueness was irrelevant." *Izzo*, 195 Ill. 2d at 115.

In *People v. Jihan*, 127 Ill. 2d 379 (1989), the defendant was convicted of practicing midwifery without a license, in violation of the now-repealed Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4401 *et seq.*). The defendant appealed her conviction, asserting that she was convicted under an unconstitutionally vague statute because the term "midwifery," as applied to her, was ambiguous. The defendant contended that it was not clear whether the term had "the broad meaning of *assisting* at childbirth" or "the more narrow meaning of actually *delivering* the child at birth." (Emphasis in original.) *Jihan*, 127 Ill. 2d at 388. This court held that there was evidence presented that the defendant had assisted at the birth, but that there was no evidence that the defendant had delivered the child. *Jihan*, 127 Ill. 2d

at 389. Accordingly, this court concluded that the Act was unconstitutionally vague as it applied to the defendant because the statute did not provide sufficient notice that her conduct was prohibited. *Jihan*, 127 Ill. 2d at 389.

As in *Greco*, *Izzo*, *In re R.C.*, and *Jihan*, this case does not involve first amendment freedoms, nor does defendant claim that the statute is incapable of any valid application, and the vagueness challenge could not properly have been resolved except by application to the facts of the case. Unlike *Jihan*, where evidence had been presented, the parties agreed, both in their briefs and during oral argument that there has been no fact-finding in this case. The State argues, however, that the record in this case is sufficient to show that the terms "grade" and "waste" are not unconstitutionally vague as applied to defendants. The State contends that it presented expert opinions from civil engineers. As defendants point out, however, the opinions produced by the State are in dispute, as the affidavits are unsworn and unauthenticated and do not establish the qualifications for the State's experts to offer such opinions. In its reply brief and during oral argument, the State conceded that the trial court did not engage in the necessary fact-finding as to the application of the statute to defendants.

Simply put, this case does not involve first amendment freedoms. Moreover, defendants have not contended that the statute is incapable of any valid application. Rather, defendants contend that the statute is unconstitutionally vague "as applied" in this case. Despite defendants' as-applied challenge, they presented no evidence demonstrating how the disputed statutory sections are vague as applied to their conduct. Accordingly, without a factual basis to assess the as-applied effect of the disputed statute, the trial court could not rule on the validity of the statute.

We conclude that the trial court must vacate the order on vagueness and reassess the validity of the statutory sections once the parties present a proper evidentiary basis to test the validity of the statute. We remand this cause for further proceedings.

### III. CONCLUSION

We hold that the trial court improperly dismissed the indictments against defendants based on the holding that section 44(p)(1)(A) of the Illinois Environmental Protection Act, and its related sections, are unconstitutionally vague on its face. Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Circuit court judgment reversed;*
*cause remanded.*