THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT L. EVANS, JR., Defendant (John L. Britton, Defendant-Appellant).

Fourth District No. 4—02—1035

Opinion filed June 4, 2004.

Daniel D. Yuhas and Keleigh L. Biggins, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David A. Hibben, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant, John L. Britton, appeals his October 2002 conviction for indirect criminal contempt of court based on his failure to appear to testify in Memphis, Tennessee, pursuant to the trial court's order under the Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings (Act) (725 ILCS 220/1 through 6 (West 2002)). We affirm.

## I. BACKGROUND

The Act permits a state other than this state, "which by its laws has made provision for commanding persons within that state to at-

tend and testify in this state," to obtain a summons issued by a court of this state directing a witness here to appear and testify in a criminal prosecution or grand jury investigation in that state. 725 ILCS 220/2 (West 2002). The other state must certify under seal of its court that such an action is pending and that the person in this state is a material witness. Upon presentation of such certificate to a court in this state in the county where the witness is, our court will direct the witness to appear at a hearing. At that hearing, our court will determine whether the witness is material and necessary, whether the witness will suffer undue hardship from being compelled to testify in the other state, and whether the laws of the state where the action is pending, or any other state the witness would be required to travel through, will provide the witness protection from arrest and service of criminal or civil process. If the criteria are met, our court

> "shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending, or where a grand jury investigation has commenced or is about to commence[,] at a time and place specified in the summons." 725 ILCS 220/2 (West 2002).

The Act further provides as follows:

> "If the witness, who is summoned as above provided, after being paid or tendered by some properly authorized person the sum of 10 cents a mile for each mile by the ordinary travel route to and from the court where the prosecution is pending and 5 dollars for each day that he is required to travel and attend as a witness, fails without good cause to attend and testify as directed in the summons, he shall be punished in the manner provided for the punishment of any witness who disobeys a summons issued from a court in this state." 725 ILCS 220/2 (West 2002).

In February 2002, the Criminal Court of Tennessee, Thirtieth Judicial District, certified that defendant, as well as two other witnesses not party to this appeal, was a necessary and material witness for the State of Tennessee and that his presence in that court for the purpose of giving testimony would be required on April 1, 2002, through April 3, 2002. In March 2002, the circuit court issued a criminal subpoena for defendant, ordering him to appear at a hearing. The subpoena contained the following notice: "Your failure to appear may result in your arrest and punishment for contempt of court." The circuit court held a hearing on the State of Tennessee's certificate. Defendant attended the hearing and informed the court he objected to being required to attend the trial in Tennessee. Jerry Kitchin, assistant District Attorney for Shelby County, Tennessee, testified at the hearing. Kitchin testified as to why defendant was a material and

necessary witness and that the State of Tennessee would make his travel arrangements, arrange for his stay, and pay a *per diem* for his meals. Kitchin also testified it was his understanding that any state defendant may have to pass through was a party to the Act and defendant would be immune from service of process.

Defendant offered no testimony of undue hardship resulting from being required to testify in Tennessee. Defendant's only testimony was that he had no information regarding the case in which he would be called to testify. At the conclusion of the hearing, the trial court found defendant was a material and necessary witness, that he would be immune from service of process for prior acts, and that he would suffer no undue hardship. The court signed the order and issued a summons directing defendant to appear and testify in the case. On the record, Kitchin confirmed to the trial court he was prepared to discuss travel arrangements, at which time, the following exchange took place:

"DEFENDANT: Your Honor, I don't need no [*sic*] travel arrangements (inaudible) lawyers. I'll be with them. You guys wasting [*sic*] your time. I don't need any travel arrangements.

THE COURT: You can talk to Mr. Kitchin, and if you have other arrangements to get there—

DEFENDANT: I already got [*sic*] a ride down there.

THE COURT: That would be fine. You can let them know what arrangements you have so that they'll know when you'll be arriving and so they can insure that you'll be there when they need to call you to testify.

DEFENDANT: But, at the same time, Robert Evans' [(the defendant in the Tennessee case)] lawyer said I wouldn't have to come down until the middle of the month.

***

THE COURT: They may want you to testify on behalf of Mr. Evans and these gentlemen are here asking you to testify on behalf of the State [of Tennessee]. So, it may be that they, the State, may call you early in the trial, and, then, the defense might not want to call you as a witness until sometime later in the month when they start putting on their evidence. So, it may be there will be two different times involved here."

In April 2002, the State filed a petition for adjudication of indirect criminal contempt of court against defendant. The petition alleged defendant was served with a copy of the court's order and summons commanding his appearance in Tennessee, defendant failed to appear in Tennessee, and his failure to appear was willful and contumacious.

In October 2002, the trial court conducted a jury trial on the State's petition. Frank Campbell, an investigator for the Macon County State's Attorney's office, testified that he was present when

the court ordered defendant, as well as the two other witnesses, to go to Tennessee to testify. Campbell testified that as soon as the court recessed, defendant left the courtroom and the courthouse, but the two other witnesses remained behind to make travel arrangements with the Tennessee representatives. Several days later, when defendant returned to the courthouse on an unrelated matter, Campbell handed a copy of the order and summons to defendant. Defendant told Campbell defendant was going to Tennessee the next day at the request of the defense. Defendant requested no money and expressed no problems with getting to Tennessee. On cross-examination, Campbell admitted he did not ask defendant how he was getting to Tennessee, did not offer him an airplane ticket, and did not ask whether defendant had a car or a driver's license.

James Bruce, a captain with the Germantown, Tennessee, police department, testified defendant was not present at the trial in Tennessee. Bruce testified he did not make travel arrangements with defendant when they spoke before the March 2002 hearing. Bruce testified he and Kitchin were able to make arrangements with the two other witnesses following that hearing, but defendant left the courthouse before they were able to speak to him.

Defendant did not testify. The jury found defendant guilty of indirect criminal contempt of court. In November 2002, without defendant being present, the trial court sentenced defendant to 364 days in the Macon County jail. This appeal followed.

## II. ANALYSIS

■ "The elements of the offense of indirect criminal contempt are (1) respondent violated a court order, and (2) [he] did so wilfully." *In re B.J.*, 268 Ill. App. 3d 449, 451, 644 N.E.2d 791, 793 (1994). On appeal, defendant argues the State failed to prove beyond a reasonable doubt that his violation of the trial court's order was willful. In support of this argument, defendant asserts the State of Tennessee failed to make travel arrangements for him as directed by the trial court, Tennessee failed to pay his travel expenses in advance as required by the Act, and he did not receive a subpoena to appear in Tennessee on penalty of contempt.

> "When considering a challenge to the sufficiency of the evidence on appeal, it is not the function of the reviewing court to retry the defendant. [Citation.] Rather, the relevant question is 'whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Milka*, 211 Ill. 2d 150, 178 (2004), quoting *People v. Perez*, 189 Ill. 2d 254, 265-66, 725 N.E.2d 1258, 1264 (2000).

Accordingly, our inquiry is whether any rational trier of fact could have found beyond a reasonable doubt that defendant willfully failed to go to Tennessee to testify.

■ First, defendant argues the order directing him to appear was dependent upon Tennessee providing him with travel arrangements. Assuming, *arguendo*, the Act requires payment of travel expenses as a condition precedent to the trial court's issuance of a summons, defendant would not escape culpability. In this case, the evidence clearly demonstrates that Tennessee representatives were present, willing, and able to make defendant's travel arrangements when the court issued its order. The record also shows that defendant knew he was being required to testify, and defendant knew that Tennessee representatives were present in court to make his travel arrangements. Even after defendant informed the court he had a ride to Tennessee, the court instructed defendant that he should nonetheless discuss his travel arrangements with the representatives from Tennessee. Defendant does not dispute that he left the courtroom before any arrangements could be made.

Defendant's argument that "Tennessee's complete failure to provide travel arrangements as ordered was the cause of [his] failure to travel to Tennessee" is wholly disingenuous. "A person who pre[v]ents the performance of an alleged condition to a contract cannot take advantage of his conduct to claim that the resulting failure of the condition relieves him of his obligation under the contract." *Wasserman v. Autohaus on Edens, Inc.*, 202 Ill. App. 3d 229, 239, 559 N.E.2d 911, 918 (1990). Fundamental justice requires the same principle to apply equally in this context. Accordingly, defendant cannot disclaim responsibility because of the failure of an alleged condition precedent he caused. Moreover, based on the overwhelming evidence of defendant's adamant stance against testifying for the State of Tennessee, the jury reasonably could conclude defendant purposely absented himself from the courtroom to purposely avoid having travel arrangements made for him.

Next, defendant argues he did not willfully disobey the trial court's order because he was not served with a subpoena commanding his attendance on penalty of contempt. Essentially, defendant argues because he did not know the consequences of his actions, his actions were not willful. "A principle deeply embedded in our system of jurisprudence is that one's ignorance of the law does not excuse unlawful conduct. [Citation.] [Defendant] does not cite any provision of the Criminal Code [of 1961] or any case law that would require or even suggest an exception to this principle under the facts of this case." *People v. Izzo*, 195 Ill. 2d 109, 115, 745 N.E.2d 548, 552-53 (2001).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and MYERSCOUGH, JJ., concur.